**TCAP CORPORATION f/k/a Transamerican Capital Corporation, Appellant,**

v.

**George GERVIN, Appellee.**

No. 05–09–00620–CV.

Court of Appeals of Texas, Dallas.

Aug. 18, 2010.

Bruce W. Akerly, Canty Hanger, LLP, Dallas, TX, for Appellant.

Leland Curtis De La Garza, Shackelford Melton & McKinley, Dallas, TX, for Appellee.

Before Justices MARTIN RICHTER, LANG–MIERS, and MYERS.

## OPINION

Opinion By Justice LANG–MIERS.

Cadles of Grassy Meadows II, L.L.C., as successor-in-interest to a judgment obtained by TCAP Corporation f/k/a Trans-

american Capital Corporation against appellee George Gervin, appeals from the trial court's denial of its application for a turnover order.[1] For the following reasons, we affirm.

### BACKGROUND

The facts and procedural history of this case are well known to the parties and we recite them here only as necessary for resolution of this appeal. In 1989, TCAP obtained an agreed judgment against Gervin. Gervin was a partner in 401 Group, a limited partnership formed under the laws of the state of Washington. TCAP domesticated the judgment in Washington and in 1996 obtained a charging order in Washington against Gervin's partnership interest in 401 Group. Gervin filed for bankruptcy in 1997. He was granted a discharge in August 1998. In an adversary proceeding in the bankruptcy, TCAP and Gervin[2] signed an agreed order that discharged the TCAP judgment, excluding the lien created by the 1996 charging order:

AGREED ORDER ON PLAINTIFFS' COMPLAINT TO DETERMINE VALIDITY,
PRIORITY OR EXTENT OF LIENS AGAINST PROPERTY

. . .

2. ... The tax lien for the 1991 taxes filed on December 24, 1992, is also superior to TCAP's judgment which did not become perfected until the issuance of the charging order on December 6, 1996....

3. TCAP has a valid judgment lien and TCAP is entitled to payment from the Partnership Interest after satisfaction of the federal tax liens....

. . .

5. TCAP's judgment is dischargeable in this bankruptcy proceeding but it is secured by its judgment lien which survives the bankruptcy.

While other litigation between TCAP and Gervin was pending, 401 Group made a distribution to its partners, and Gervin's share was placed into the registry of the Washington trial court. The trial court ultimately released those funds, approximately $22,000,[3] to Gervin.

Around 2005, Cadles became the owner of the TCAP judgment. In 2009, Cadles filed this application for a turnover order seeking the turnover of (1) Gervin's partnership interest in 401 Group and (2) the $22,000 that Gervin received as a distribution from 401 Group. Gervin asked the trial court to deny Cadles's application because, among other things, a charging order, not a turnover order, is the exclusive method by which to attach a partnership interest, and the judgment was discharged in bankruptcy. The trial court denied the application without stating the basis for its ruling. Cadles did not request findings of fact and conclusions of law.

On appeal, Cadles first argues that we should vacate the trial court's order because the record is insufficient to allow us to determine whether the trial court had a reasonable basis for its ruling. Alternatively, it argues that the trial court erred by denying its application.

We review rulings on applications for turnover orders for an abuse of discretion. *Beaumont Bank, N.A. v. Buller,* 806

---

1. Although Cadles filed the application for turnover relief, the original style of the case did not change.

2. The Internal Revenue Service was also a party to the proceeding.

3. This amount represents Gervin's share, net of his wife's community-property share.

S.W.2d 223, 226 (Tex.1991). We reverse only if the trial court acted in an unreasonable or arbitrary manner. *Id.* A trial court's ruling on a turnover application will not be reversed for an abuse of discretion if the order is sustainable on any legal theory that is supported by the record. *See id.; Jones v. Am. Airlines, Inc.*, 131 S.W.3d 261, 266 (Tex.App.-Fort Worth 2004, no pet.).

■ In its first issue, Cadles asks us to vacate the order and remand to the trial court to explain its ruling because the record is insufficient to establish the basis on which the trial court denied its application. As we noted, Cadles did not request findings of fact and conclusions of law. *See* Tex.R. Civ. P. 296. In the absence of findings and conclusions, we imply all findings necessary to support the trial court's ruling if there is evidence in the record to support them. *See Jones*, 131 S.W.3d at 266. The record on appeal contains a reporter's record of the hearing on Cadles's application for a turnover order. Consequently, we have a sufficient record upon which to review the trial court's ruling. We resolve appellant's first issue against it.

■ In its second issue, Cadles argues several reasons why the trial court abused its discretion by denying its application for a turnover order, including that the 1989 judgment is still alive and enforceable and that Gervin's debt was not discharged in bankruptcy. We disagree.

In its application, Cadles asked for a turnover order and, in the hearing, orally asked for a charging order.[4] But Cadles was not clear about whether it sought a new turnover or charging order based on the 1989 judgment, or whether it sought to enforce the judgment lien created by the 1996 charging order. At times Cadles seemed to argue both. The trial court allowed supplemental briefing following the hearing, and in its letter brief to the court, Cadles stated

> The Judgment is out of this Court and enforcement is sought against an individual holding the interest who is [a] resident of the State of Texas.
>
> . . .
>
> Cadles is seeking to obtain a charging order based on the Judgment issued out of this Court in the State of Texas. . . . Cadle[s] is seeking to obtain a charging order as to this Judgment, not as to the judgment domesticated under the laws of the State of Washington.

The trial court could have reasonably interpreted Cadles's argument to state that it was seeking a new charging or turnover order based on the 1989 judgment and was not seeking to enforce the 1996 charging order issued in Washington. But as we explained, the agreed order in the bankruptcy adversary proceeding stated that the 1989 judgment TCAP obtained against Gervin was discharged and only the lien created by the 1996 charging order survived the bankruptcy.

■ The trial court could have reasonably concluded that Cadles was not entitled to the relief it requested against Gervin's partnership interest because the 1989 judgment that it argued entitled it to relief had been discharged in bankruptcy and Cadles was not seeking to enforce the 1996 charging order. *See* 11 U.S.C. 524(a)(1)

---

4. The application asked for a turnover order. When Gervin argued at the hearing that a charging order is the exclusive method by which to attach a partnership interest, Cadles also asked for a charging order. Cadles did not subsequently amend its application to seek a charging order. Cadles argues that its application should be construed as a charging order, since it requested relief only available through a charging order, it argued at the hearing for a charging order, and Gervin was not prejudiced. Based on our resolution of this case, however, we do not need to decide that issue.

(2004) (stating that discharge in bankruptcy "voids any judgment ... to the extent that such judgment is a determination of the personal liability of the debtor"); *id.* § 524(a)(2) (stating that discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor"); *Faires v. Billman,* 849 S.W.2d 455, 456 (Tex.App.-Austin 1993, no writ) (stating bankruptcy discharge acts as injunction to prevent creditor from instituting or continuing action to collect on debt).

█ The trial court also could have reasonably concluded that Cadles was not entitled to a turnover order against the $22,000 that Gervin received as a partnership distribution because the judgment that it argued entitled it to relief had been discharged in bankruptcy. The judgment lien that survived the bankruptcy was a charging order against Gervin's interest in 401 Group. But once a distribution is made, it is no longer the partner's partnership interest and, instead, becomes the partner's personal property. *Stanley v. Reef Sec., Inc.,* 314 S.W.3d 659, 664–65 (Tex.App.-Dallas 2010, no pet. h.). Because the 1989 judgment had been discharged in bankruptcy, and because the $22,000 was not Gervin's partnership interest, but his personal property, the trial court could have reasonably concluded that Cadles was not entitled to the relief it sought through the application for a turnover order.

We conclude that the trial court did not abuse its discretion by denying Cadles's application for a turnover order and oral request for a charging order. We affirm the trial court's judgment.