**Opinion issued April 22, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00576-CV

———————————

**THE JACK M. SANDERS FAMILY LIMITED PARTNERSHIP, Appellant**

**V.**

**ROGER T. FRIDHOLM REVOCABLE, LIVING TRUST, IPG SERVICES CORP., ELIZABETH SANDERS MOORE, AND JESS R. MOORE, Appellees**

---

On Appeal from the 234th District Court
Harris County, Texas
Trial Court Case No. 2010-42559

---

## O P I N I O N

The Jack M. Sanders Family Limited Partnership appeals from the trial court's order denying its motion to discharge and release a charging order entered in favor of appellees Roger T. Fridholm Revocable, Living Trust and IPG Services

Corporation. *See* TEX. BUS. ORGS. CODE ANN. § 153.256 (West 2012). We hold that the order denying the motion was neither a final judgment nor an appealable interlocutory order. We therefore dismiss the appeal for lack of jurisdiction.

## Background

In 2005 and 2006, Elizabeth Sanders Moore and Jess Moore guaranteed a pair of notes, one of which was held by the Roger T. Fridholm Revocable, Living Trust and one of which was held by IPG Services Corporation. The Moores defaulted on both notes, and the Fridholm Trust and IPG sued them in 2010 on the respective balances, which totaled more than $600,000. The Moores were served with process, but they failed to appear. Consequently, in October 2010, the trial court entered a default judgment in favor of the Fridholm Trust and IPG for the unpaid principal of the notes, plus pre-judgment and post-judgment interest.

Meanwhile, the Internal Revenue Service filed three notices of federal tax liens in the Harris County property records, seeking to recover more than $600,000 in unpaid federal taxes from Elizabeth.

By late 2011, the Fridholm Trust and IPG had been unable to recover on their default judgment. Elizabeth, however, held an interest in the Jack M. Sanders Family Limited Partnership ("FLP"). The Fridholm Trust and IPG therefore sought a charging order from the trial court, compelling FLP to pay them any amounts that the partnership otherwise would have paid to Elizabeth. The trial court ultimately

2

entered an agreed charging order signed by counsel for all parties and by counsel for FLP, which was not then a party, in November 2011. The order states:

> The Partnership shall not distribute to [Elizabeth] Moore any partnership distributions, profits, cash, assets, or other monies due or that shall become due to Moore, by virtue of Moore's interest in the Partnership, but instead shall pay to the [Fridholm] Trust and IPG all funds and assets whatsoever which, by virtue of Moore's interest in the Partnership would have been distributed to Moore, until the Judgments, . . . have been fully paid.

In September 2012, in separate litigation among FLP, the Fridholm Trust, and IPG, the county court at law of Harrison County, Texas, issued a final declaratory judgment in which it determined that Elizabeth's interest in FLP at that time was 2.07 percent and that the total value of FLP was $1,272,190.

In November 2012, the IRS issued an Amended Conditional Commitment setting the value of Elizabeth's 2.07 percent interest in FLP at $18,434. In December 2012, the Jones Lancaster Irrevocable Living Trust ("Jones Trust") issued a cashier's check to the IRS in the amount of $18,434, in exchange for Elizabeth's 2.07 percent interest in FLP. The IRS then issued a Certificate of Discharge in which it acknowledged the payment of $18,434 by the Jones Trust and released FLP from the tax liens on Elizabeth's assets. Elizabeth, in turn, issued an Assignment and Bill of Sale to the Jones Trust in which she assigned her entire interest in FLP in consideration for the Jones Trust's payment to the IRS.

In May 2013, FLP filed a motion seeking discharge and release of the agreed charging order. The Fridholm Trust and IPG responded by filing an application for a turnover order and appointment of a receiver to facilitate their attempts to collect on the default judgment. At that point, FLP intervened in the lawsuit, asking the trial court to reject the application for turnover order and receiver or, if the application were granted, to limit the powers of the receiver and prevent the receiver, the Fridholm Trust, and IPG from directing any post-judgment discovery or subpoenas to FLP or otherwise "interfering with FLP's business."

Eight days after FLP filed its plea in intervention in this proceeding, the trial court denied its motion for discharge and release from the agreed charging order. The order did not explain the court's reasoning and made no mention of the plea in intervention, nor did it mention any requests for affirmative relief or defenses raised by any party. The order did not contain any language indicating that it disposed of all claims and parties in the suit. FLP filed a notice of appeal from this order.

On appeal, FLP argues, first, that the order denying its request to discharge the agreed charging order is a final judgment and therefore appealable, and, second, that the trial court abused its discretion in entering that order because Elizabeth no longer owns any interest in FLP. The Fridholm Trust and IPG agree that the order denying FLP's motion was a final judgment, but they argue that the

4

trial court did not abuse its discretion and that FLP lacks standing to seek discharge of the charging order.

## Analysis

Appellate courts generally have jurisdiction only over final judgments, although specific types of interlocutory appeals are authorized by statute. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *see*, *e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2013) (authorizing appeals from certain interlocutory orders). There can be only one final judgment in a case, except in certain special proceedings. *See, e.g.*, *Huston v. F.D.I.C.*, 800 S.W.2d 845, 847 (Tex. 1990) (state bank receiverships); *Kelley v. Barnhill*, 188 S.W.2d 385, 386 (Tex. 1945) (probate proceedings); *Christensen v. Harkins*, 740 S.W.2d 69, 72 (Tex. App.—Fort Worth 1987, no writ) (severed cases). Even in such cases, the order must conclusively adjudicate some right or interest between the parties involved in that portion of the proceeding governed by the order in question. *E.g.*, *Huston*, 800 S.W.2d at 847; *Kelley*, 188 S.W.2d at 386; *Christensen*, 740 S.W.2d at 72–73. In cases in which only one final judgment is possible, "when there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). Finality

requires that "there must be some . . . clear indication that the trial court intended the order to completely dispose of the entire case." *Id.* "To determine whether an order disposes of all pending claims and parties, it may of course be necessary for the appellate court to look to the record in the case." *Id.* at 205–06. "For anything other than what could properly be characterized as a final judgment, mandamus is the proper form to obtain review of a trial court's post-judgment orders." *Transam. Life Ins. Co. v. Rapid Settlements, Ltd.*, No. 01–11–00240–CV, 2011 WL 5428974, at *2 (Tex. App.—Houston [1st Dist.] Nov. 10, 2011, no pet.) (mem. op.).

A final judgment or other appealable interlocutory order is a prerequisite of this court's jurisdiction, and the question whether appellate jurisdiction exists cannot be waived or settled by agreement of the parties. *See, e.g.*, *Stine v. State*, 908 S.W.2d 429, 431 (Tex. 1995) ("It is . . . fundamental that the parties of a suit can neither confer nor waive jurisdiction by agreement or consent."); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993) (subject-matter jurisdiction cannot be conferred by agreement or waived). "Appellate jurisdiction is never presumed. Unless the record affirmatively shows the propriety of appellate jurisdiction, we must dismiss." *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex. App.—Dallas 2009, no pet.). Thus, we have the obligation to determine our jurisdiction when either the parties or circumstances of

the appeal call it into question. *Glass v. Sponsel*, 916 S.W.2d 25, 26 (Tex. App.—

Houston [1st Dist.] 1995, no writ).

Because jurisdiction is a threshold issue, we must address it first. *Douglas v.*

*Delp*, 987 S.W.2d 879, 883 (Tex. 1999). When faced with multiple jurisdictional

questions, this court need not address them in a particular order. *Cf. Ruhrgas AG v.*

*Marathon Oil Co.*, 526 U.S. 574, 575, 119 S.Ct. 1563, 1565 (1999). We therefore

consider whether the trial court's order was a final judgment first, and we can only

reach the remaining issues in this case if we hold that it was.

A charging order is a creation of statute in Texas, and its sole purpose is to

facilitate collection of a judgment from a judgment debtor who owns an interest in

a business entity. *See* TEX. BUS. ORGS. CODE ANN. § 153.256. The charging order

statute applicable to limited partnerships provides, in relevant part,

> (a) On application by a judgment creditor of a partner or of any other owner of a partnership interest, a court having jurisdiction may charge the partnership interest of the judgment debtor to satisfy the judgment.
>
> (b) To the extent that the partnership interest is charged in the manner provided by Subsection (a), the judgment creditor has only the right to receive any distribution to which the judgment debtor would otherwise be entitled in respect of the partnership interest.
>
> (c) A charging order constitutes a lien on the judgment debtor's partnership interest. The charging order lien may not be foreclosed on under this code or any other law.

7

(d) The entry of a charging order is the exclusive remedy by which a judgment creditor of a partner or of any other owner of a partnership interest may satisfy a judgment out of the judgment debtor's partnership interest.

*Id.* § 153.256(a)–(d).

Texas appellate courts have had relatively few opportunities to review charging orders, and some of these have been in the context of mandamus proceedings.[1] When presented as an appeal, most decisions have involved orders or judgments granting or denying both a charging order and other forms of relief.[2]

---

[1] *See In re CMP Family L.P.*, No. 05–12–00487–CV, 2012 WL 2359889, at *1 (Tex. App.—Dallas Jun. 21, 2012, no pet.) (mem. op.) (denying writ of mandamus in connection with charging order without reasoned opinion); *In re McWilliams*, No. 05–99–01720–CV, 1999 WL 959527, at *1 (Tex. App.—Dallas Oct. 21, 1999, no pet.) (mem. op.) (denying petition for writ of mandamus in connection with charging order for lack of ripeness due to motions pending in trial court); *Rosedale Partners, Ltd. v. 131st Jud. Dist. Ct.*, 869 S.W.2d 643, 649 (Tex. App.—San Antonio 1994, orig. proceeding) (holding that a default judgment including charging order was interlocutory because it did not dispose of all claims and parties).

[2] *See TCAP Corp. v. Gervin*, 320 S.W.3d 549, 552 (Tex. App.—Dallas 2010, no pet.) (affirming order denying application for turnover order and for charging order or enforcement of prior charging order); *Dispensa v. Univ. State Bank*, 951 S.W.2d 797, 799–801 (Tex. App.—Texarkana 1997, pet. denied) (holding that order denying charging order, but silent as to other relief requested, was not appealable final judgment); *Kocurek v. Dwyer-Sanders Gp. Partners*, No. 03–95–00112–CV, 1996 WL 515546, at *1–2 (Tex. App.—Austin Sep. 11, 1996, no writ) (affirming order granting application for turnover order and for charging order); *Commerce Sav. Ass'n v. Welch*, 783 S.W.2d 668, 670–71 (Tex. App.—San Antonio 1989, no writ) (affirming order denying application for turnover order and for charging order); *Fuller v. Fuller*, 518 S.W.2d 250, 250–52 (Tex. App.—Beaumont 1974, writ ref'd n.r.e.) (affirming entry of charging order); *see also Huetten*

For example, the Dallas court of appeals found no jurisdictional hurdles to affirming an order denying an application for both a charging order and a turnover order. *TCAP Corp. v. Gervin*, 320 S.W.3d 549, 552 (Tex. App.—Dallas 2010, no pet.); *see also Tanner v. McCarthy*, 274 S.W.3d 311 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (turnover orders are appealable). By contrast, only one Texas court has expressly considered whether an order that relates solely to a charging order is final for purposes of appeal.

In *Dispensa v. University State Bank*, 951 S.W.2d 797 (Tex. App.—Texarkana 1997, pet. denied), the court of appeals considered a charging order and held that the order was interlocutory in nature and not appealable. *Id.* at 801. In that case, the bank obtained a default judgment against Dispensa. *Id.* at 798. In its efforts to collect on the judgment, the bank also obtained a charging order against Dispensa's interest in a partnership, from which Dispensa appealed. *Id.* The charging order did not address the bank's requests for a turnover order, appointment of a receiver, and an accounting. *Id.* at 800. It did not contain a

*v. San Diego Nat'l Bank*, No. 02–09–053–CV, 2009 WL 2138933, at \*1 (Tex. App.—Fort Worth July 16, 2009, no pet.) (mem. op.) (dismissing judgment debtor's appeal from charging order as moot when property levied in connection with order had been sold during pendency of appeal); *Clearview Props., L.P. v. T. REIT, L.P.*, No. 14–08–00827–CV, 2009 WL 1886140, at \*1 (Tex. App.—Houston [14th Dist.] July 2, 2009, no pet.) (mem. op.) (reversing turnover order and charging order on grounds that underlying judgment had been reversed).

"Mother Hubbard" clause stating that all relief not expressly granted was denied or any other language implying the trial court's intent to render a final judgment as to all claims and all parties. *Id.* at 801.[3] As the court explained, "Without the requested accounting there is no way to conclusively determine how much [the partnership] owes [the bank]." *Id.* "Orders that require further proceedings with regard to the very issue being decided are interlocutory and cannot be appealed." *Id.* (citing *Meek v. Hart*, 611 S.W.2d 162, 163 (Tex. App.—El Paso 1981, no writ)).

The *Dispensa* court rejected two arguments that the charging order in question was final by its nature. Dispensa first argued "that collecting a judgment is a process similar to probating a will or managing the administration of a receivership, and as long as the order conclusively disposes of the issue or question associated with that part of the process, it is final and appealable." *Id.* at 800. The court of appeals explained that the trial court's order did not actually dispose of all issues raised at that stage of the proceeding, including specifically the bank's

---

[3] The Supreme Court of Texas has since held that even the inclusion of a Mother Hubbard clause "does not indicate that a judgment rendered without a conventional trial is final for purposes of appeal." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 203–04 (Tex. 2001). *Lehmann* thus reinforced the requirement that "there must be some . . . clear indication that the trial court intended the order to completely dispose of the entire case." *Id.* at 205.

requests for a turnover order, appointment of a receiver, and an accounting. *Id.* at 800–01. Thus, the charging order was not a final judgment. *Id.* at 801.

Second, Dispensa argued "that a charging order, like a turnover order, acts as a mandatory injunction." *Id.* "A mandatory injunction, issued pursuant to a request to a court for aid in collecting on a judgment, resolves property rights and orders the affected party to engage in some form of affirmative action to accomplish a specific objective. It is a final and appealable order." *Id.* The court of appeals also rejected this argument, noting that "the charging order here fails as a mandatory injunction [because it] does not fully determine the substantive property rights of the parties involved, nor does it inform [the partnership] with sufficient clarity how it can comply with the order." *Id.* Further, "[t]he charging order . . . merely states the objective to be achieved without determining to what extent the objective exists or the means of achieving that objective." *Id.*

In this appeal, FLP first argues that a charging order is similar to a garnishment action or turnover order, and thus it is independent of the underlying matter and appealable. This is effectively the same as the second argument in *Dispensa*, and we will reject it for the same reasons. *Id.* According to FLP, the purpose of a charging order, like other post-judgment orders, is to give full effect to the underlying judgment. This alone, however, does not make an order appealable. "Most post-judgment orders made for the purpose of enforcing or

11

carrying into effect an already-entered judgment are not subject to an appeal because an appeal is typically not statutorily authorized from such an order and because such orders are typically not final judgments or decrees." *In re Doe*, 397 S.W.3d 847, 849 (Tex. App.—Fort Worth 2013, no pet.). Thus, for example, "orders that grant or deny post-judgment discovery requests are not appealable until a final judgment is rendered that disposes of all issues between the parties." *Fisher v. P.M. Clinton Int'l Investigations*, 81 S.W.3d 484, 485–86 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing *Arndt v. Farris*, 633 S.W.2d 497, 500 n.5 (Tex. 1982)). A post-judgment order, however, may be appealable if an appeal is statutorily authorized or if the order has the nature of a mandatory injunction that resolves property rights. *In re Doe*, 397 S.W.3d at 849. There is no statutory authorization for appeals of charging orders, so the trial court's order is only appealable if it operates as a mandatory injunction.

A post-judgment order operates as a mandatory injunction when it resolves property rights and imposes obligations on the judgment creditor or interested third parties. *See Schultz v. Fifth Jud. Dist. Ct. App. at Dall.*, 810 S.W.2d 738, 740 (Tex. 1991) (orig. proceeding), *abrogated on other grounds by In re Sheshtawy*, 154 S.W.3d 114, 124–25 (Tex. 2004). By contrast, "the usual writs and orders to aid in execution to collect a final money judgment are not, in general, appealable orders." *Id.* (citation omitted); *Dispensa*, 951 S.W.2d at 801 n.7.

As in *Dispensa*, the trial court's order at issue here "does not fully determine the substantive property rights of the parties involved, nor does it inform [the partnership] with sufficient clarity how it can comply with the order." 951 S.W.2d at 801. It did not determine what ownership interest, if any, Elizabeth still possesses in FLP. It does not specifically declare any obligations of FLP in light of the alleged transfer of Elizabeth's interest in FLP to a third party. Without findings as to these facts, the trial court's order denying FLP's motion did not resolve any property rights or impose any obligations on anyone. *See id.*; *see also Schultz*, 810 S.W.2d at 740; *Qualia v. Qualia*, 37 S.W.3d 128, 129 (Tex. App.—San Antonio 2001, no pet.) (holding that a "request for international judicial assistance" was more analogous to a writ of execution than to a mandatory injunction due to the lack of findings of fact regarding the property rights involved). We therefore hold that the trial court's order denying FLP's motion to discharge and release the agreed charging order did not operate as a mandatory injunction, and it is not appealable as one.

The order is thus appealable only if it actually disposed of all issues and parties before the court. *See Lehmann*, 39 S.W.3d at 205. As FLP acknowledges, *Dispensa* is the only Texas case directly addressing whether a charging order satisfies this test; because no cases address an order denying a motion to discharge a charging order, the *Dispensa* opinion is the only decision shedding significant

light on this dispute. FLP therefore attempts to distinguish *Dispensa*, arguing that "all of the issues raised with regard to the charging order were determined in the order denying the discharge." We reject this argument for three reasons.

First, FLP's argument is incorrect on its face. The order from which FLP appeals left in place the charging order; it therefore did not resolve all issues with respect to the charging order, which remains in effect and is subject to the trial court's discharge or revision at a later date. Nothing in the trial court's order indicated that the trial court had made a final determination as to either the effect of Elizabeth's sale of her interest in FLP or any other issues in the case.

Second, FLP's argument is precisely the same as the first argument rejected by the *Dispensa* court, and we agree with the reasoning therein. "Even assuming arguendo that . . . collecting a judgment is a process, the charging order here fails to resolve all of the issues raised" by the Fridholm Trust and IPG, *Dispensa*, 951 S.W.2d at 800, as explained more fully below.

Third, to be a final judgment, the order must have "actually dispose[d] of every pending claim and party or . . . clearly and unequivocally state[d] that it finally dispose[d] of all claims and all parties." *Lehmann*, 39 S.W.3d at 205. The order here neither disposed of all pending claims and parties nor stated any intent to do so. Even a charging order contained in a default judgment is non-appealable unless it meets this standard. *See Rosedale Partners, Ltd. v. 131st Jud. Dist. Ct.*,

14

869 S.W.2d 643, 649 (Tex. App.—San Antonio 1994, orig. proceeding) (default judgment including charging order was interlocutory and not appealable because it did not dispose of all claims and parties).

The gravamen of FLP's argument that the order is appealable is that there was nothing left for the trial court to determine when it entered its order, other than whether the charging order should be discharged due to changed circumstances. Thus, according to FLP, the order effectively resolved all open issues between the Fridholm Trust, IPG, and FLP. The record, however, does not support this argument. As a preliminary matter, the charging order was silent about the nature of Elizabeth's interest in FLP other than to state that she was a limited partner; the order on FLP's motion to discharge the charging order is completely silent on the matter. Just as in *Dispensa*, then, neither the charging order nor the order denying the motion to discharge provides a method for determining FLP's current obligations, if any, toward the Fridholm Trust and IPG. *Dispensa*, 951 S.W.2d at 801. Further, the charging order itself merely ordered FLP to pay any "partnership distributions, profits, cash, assets or other monies due or that shall become due to [Elizabeth] Moore, by virtue of Moore's interest in the partnership . . . to the Trust and IPG." It did not make any findings as to what, if anything, was actually due to Elizabeth, how FLP was to make such payments, or how the payments were to be

allocated between the Fridholm Trust and IPG.[4] Thus, both the charging order and the order denying FLP's motion to discharge the charging order left open numerous questions regarding FLP's responsibilities to the Fridholm Trust and IPG.

More importantly, the record contradicts FLP's construction of the trial court's orders. At the time that the trial court entered its order denying the motion to discharge, the Fridholm Trust and IPG had applied for a turnover order and appointment of receiver, and FLP had filed its plea in intervention to oppose that application. The record contains no indication that the trial court ever ruled on these disputes. But FLP's plea in intervention asserts that it has "interests which appear to fall within the broad ambit of the [proposed order appointing receiver and turnover] Order." Because these disputes between FLP, the Fridholm Trust, and IPG have not been resolved by the trial court in the record before us, we cannot agree with FLP that the order denying the motion to discharge disposed of all outstanding claims and parties. *See id.* at 800 (finding charging order to be interlocutory and unappealable because it did not dispose of all issues "raised at

---

[4] The fact that the Harrison County court had previously determined the ownership interest in FLP that Elizabeth held at one point in time is irrelevant to our analysis. As the parties all acknowledge, that interest has changed, and the record does not include any findings by the trial court or stipulations by the parties as to FLP's current obligations to the Fridholm Trust or IPG, if any.

that particular stage of the proceeding," including unaddressed requests for turnover and appointment of receiver).

Because we hold that we do not have jurisdiction over this appeal due to the absence of a final judgment, we do not reach either the standing issue raised by the Fridholm Trust and IPG or the parties' arguments on the merits.

## Conclusion

The trial court's order giving rise to this appeal was not a final judgment or appealable interlocutory order. We therefore dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.