**Opinion issued February 24, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00011-CV

————————————

### BOB DEUELL, Appellant

### V.

### TEXAS RIGHT TO LIFE COMMITTEE, INC., Appellee

On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Case No. 2014-32179

## MEMORANDUM OPINION

Appellant, Bob Deuell, seeks to appeal the purported denial of his motion to dismiss under the Texas Citizens Participation Act as codified in Chapter 27 of the Texas Civil Practice and Remedies Code (anti-SLAPP motion). Appellee, Texas Right to Life Committee, Inc., has filed a motion to dismiss the appeal, contending

that we lack jurisdiction because Deuell's anti-SLAPP motion, though denied as moot by a federal district court in an order remanding the case, was neither denied by the trial court below nor overruled by operation of law. We conclude that the anti-SLAPP motion has not been denied or overruled by operation of law as required to trigger the right to an interlocutory appeal under Texas Civil Practice and Remedies Code section 51.014(a)(12). We therefore dismiss the appeal for lack of jurisdiction.

## Discussion

If a party files a motion to dismiss based on Texas Civil Practice and Remedies Code section 27.003, a hearing on the motion must be set not later than the 60th day after the date of service of the motion. *See* TEX. CIV. PRAC. & REM. CODE Ann.§ 27.004(a) (West 2015). This 60-day time frame may be extended under certain circumstances as provided by statute, but "in no event shall the hearing occur more than 90 days after service of the motion," unless the trial court allows discovery under section 27.006(b), in which case the hearing may occur no later than 120 days after service of the motion. *Id*. § 27.004.

While section 27.004 sets forth the deadlines by which a hearing on the motion must take place, section 27.005 addresses the deadline by which the trial court must rule on the motion. *See id*. Pursuant to section 27.005, "The court must rule on a motion under Section 27.003 not later than the 30th day following

2

the date of the hearing on the motion." *Id.* §27.005 (a). And section 27.008 describes the consequence of a trial court's failure to rule on the motion within 30 days of the *hearing*: the motion is considered to have been denied by operation of law and the moving party may appeal. *Id.* §27.008(a); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12) (authorizing appeal from an interlocutory order that denies a motion to dismiss filed under section 27.003). Thus, a party's right to take an interlocutory appeal from the denial of a section 27.003 motion can be triggered by two events: 1) an express denial of the motion by the trial court below, or 2) the failure of the trial court below to rule on the motion within 30 days following the hearing on the motion. *Id.* §§ 27.005, 27.008; 51.014(a)(12).

Here, neither of the events that trigger the right to an interlocutory appeal has occurred. Deuell filed his section 27.003 motion in the trial court below on September 5, 2014, and the motion was set for hearing on September 26, 2014, which was within the time frame prescribed by section 27.004. But the case was removed to federal court on September 25, 2014, the day before the hearing was to be held, and the trial court below neither held a hearing nor ruled on the motion before the case was removed.

After the removal, Deuell filed two motions asking the federal district court to dismiss under section 27.003, but the federal district court did not rule on the merits. Rather, on December 23, 2014, it entered an order remanding the case and

denying Deuell's section 27.003 motion to dismiss as moot in light of the remand. Shortly after remand, and before the trial court below took any post-removal action in this case, Beuell filed his notice of interlocutory appeal.

Because the trial court below has neither expressly denied Beuell's section 27.003 motion to dismiss nor failed to rule on the motion within 30 days following the date of a hearing on the motion, the Texas Civil Practice and Remedies Code does not permit Beuell's attempted interlocutory appeal. *See id.* §§ 27.005, 27.008, 51.014(a)(12).[1] We therefore grant Appellee's Motion to Dismiss Appeal for Want of Jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Huddle.

---

[1] Beuell contends that appellee should be estopped from arguing that we lack jurisdiction because appellee previously asserted in its court papers below, and in a joint discovery/case management plan in the federal district court, that Beuell's motion had been overruled by operation of law. We reject Beuell's contention because a party to a suit cannot confer jurisdiction on this Court by agreement, consent, or estoppel. *See Jack M. Sanders Family Ltd. P'ship v. Roger T. Fridholm Revocable, Living Trust*, 434 S.W.3d 236, 240 (Tex. App.—Houston [1st Dist.] 2014, no pet.).