**Opinion issued December 17, 2019.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-01114-CV

———————————

### MOUNT VERNON UNITED METHODIST CHURCH, Appellant

### V.

### HARRIS COUNTY, TEXAS, CITY OF HOUSTON, HOUSTON INDEPENDENT SCHOOL DISTRICT, AND HOUSTON COMMUNITY COLLEGE SYSTEM, Appellees

---

**On Appeal from the 152nd District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-29708**

---

### MEMORANDUM OPINION

Appellant Mount Vernon United Methodist Church is attempting to appeal from an order denying its petition to withdraw the excess proceeds from a property tax foreclosure sale. We affirm the trial court's judgment.

**Background**

On April 4, 2016, the trial court signed a final judgment awarding appellees Harris County, Texas, City of Houston, Houston Independent School District, and Houston Community College System delinquent taxes and costs concerning real property belonging to the Peace Community Development Corporation. The real property was subsequently sold at a tax sale and the excess proceeds from the tax sale were placed in the trial court's registry on September 27, 2016. On May 11, 2018, appellant received an assignment of the excess proceeds from the Peace Community Development Corporation by and through its Executive Director, Mildred Bright, who was a named party in the delinquent tax litigation.

On September 4, 2018, appellant filed a post-judgment petition to withdraw excess funds. A copy of the assignment is attached to the petition. *See* TEX. TAX CODE § 34.04(a). Appellees did not file a response. On September 17, 2018, appellant set the petition for submission without an oral hearing. On October 11, 2018, the tax master issued a report recommending that appellant's motion to withdraw be denied "on the basis of the record." The trial court denied the petition on October 13, 2018.

Appellant filed a request for findings of fact and conclusions of law and a notice of past due findings of fact and conclusions of law. The trial court denied

appellant's request on December 10, 2018, and appellant filed its notice of appeal on December 13, 2018.

## Excess Proceeds from Tax Foreclosure Sales

The proceeds from tax foreclosure sales are governed by sections 34.03 and 34.04 of the Tax Code. Section 34.04(a) allows any person to file a "petition in the court that ordered the seizure or sale setting forth a claim to the excess proceeds" within two years after the property was sold. TEX. TAX CODE § 34.04(a). The court shall order the proceeds to be paid to each party that establishes its claim to the proceeds. *See id.* § 34.04(c). If no claimant establishes entitlement to the proceeds within this period, the "clerk shall distribute the excess proceeds to each taxing unit participating in the sale in an amount equal to the proportion its taxes, penalties, and interests bear to the total amount of taxes, penalties, and interest due all participants in the sale." *Id.* § 34.03(b).

## Jurisdiction

Appellees argue that the court does not have jurisdiction over this appeal because the order is interlocutory and Tax Code section 34.04 does not allow appeals from an order denying a petition for excess proceeds. Appellant argues that the order is final and appealable and that depriving appellant of an appeal in this case violates its Equal Protection and Due Process rights guaranteed by the United States and Texas Constitutions.

Unless specifically authorized by statute, Texas appellate courts have jurisdiction only to review final judgments. *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018). A judgment is final for purposes of appeal if it disposes of all pending parties and claims. *Id.* (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)).

In a delinquent property tax proceeding, the final judgment is the order granting judgment to the taxing units for the unpaid taxes. *See Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763–64 (Tex. App.—Houston [14th Dist.] 2008, no pet.). An order on a petition for distribution of excess proceeds from a tax foreclosure sale made pursuant to Tax Code section 34.04 is a post-final-judgment proceeding. *See id.* at 764.

Although an order in a post-final-judgment proceeding is not a final judgment, such an order "may be appealable if an appeal is statutorily authorized or if the order has the nature of a mandatory injunction that resolves property rights." *Jack M. Sanders Family P'ship v. Roger T Fridholm Revocable Living Trust*, 434 S.W.3d 236, 242 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *see also Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 586–87 (Tex. 2018) (holding that some post-judgment orders can be final and appealable judgments if they function similarly to mandatory injunctions). "A post-judgment order operates as a mandatory injunction when it resolves property

4

rights and imposes obligations on the judgment creditor or interested third parties." *Jack M. Sanders Family P'ship*, 434 S.W.3d at 242.

Although section 34.04(e) authorizes interlocutory appeals from orders "directing that all or part of the excess proceeds be paid to a party," there is no statutory authorization for interlocutory appeals from an order denying a petition for excess funds, such as the one in this case. TEX. TAX CODE § 34.04(e); *see also 2012 Properties, LLC v. Garland Indep. Sch. Dist.*, No. 05-15-01002, 2016 WL 3902585, at *3–4 (Tex. App.—Dallas July 14, 2016, pet. denied) (mem. op.) (holding section 34.04(e) authorizes only interlocutory appeals of orders granting petitions for excess proceeds and dismissing interlocutory appeal of order denying petition for excess proceeds for want of jurisdiction).

The order denying appellant's petition, however, is nevertheless appealable if it has the nature of a mandatory injunction that resolves property rights. *See Jack M. Sanders Family P'ship*, 434 S.W.3d at 242. The record reflects that appellant was the only party to file a petition for excess proceeds during the two-year period. The trial court's order denying appellant's petition for excess funds, which was entered after the two-year period expired, effectively resolved the question of the disposition of the excess funds because at that point, no claimant had established that it had a right to the funds, and the clerk was required to "distribute the excess proceeds to each taxing unit" without any further intervention by the court. TEX. TAX CODE

§ 34.03(b); *cf. Jack M. Sanders Family P'ship*, 434 S.W.3d at 242. Appellees, the taxing units, were effectively awarded the excess proceeds by default.

Appellees argue that the order is interlocutory and not appealable because it "is consistent with and does not work a material change in the adjudicative portions of the original judgment; it merely effectuates the judgment." *McFadin*, 539 S.W.3d at 284. The final judgment foreclosed on the property, awarded appellees "the total sum of money due for taxes, penalties, interest, and attorney fees with penalty and interest continuing to accrue . . . plus all costs of court," and ordered the property to be sold in order to satisfy the judgment. The judgment did not award appellees the excess funds from the foreclosure sale, which is the result of the trial court's order denying appellant's petition.

Appellant's reliance on *2012 Properties, L.L.C.* for the proposition that the court does not have jurisdiction over appellant's appeal of an order denying the withdrawal of excess funds is also misplaced. In *2012 Properties, L.L.C.*, the claimant timely filed its petition for excess proceeds and the trial court denied the petition more than a year before the two-year deadline for a party to establish its right to the proceeds had expired. *See* 2016 WL 3902585, at *2. As a result, the denial of the order in *2012 Properties, L.L.C* did not resolve any property rights with respect to the funds. Pursuant to the statute, the money was required to remain in the

court's registry for the rest of the two-year period unless a party established its entitlement to all or some of the proceeds during that time.

Based on the unique facts in this case, we conclude that the order functions similarly to a mandatory injunction, and therefore, we hold that we have jurisdiction over appellant's appeal. *See Jack M. Sanders Family P'ship*, 434 S.W.3d at 242; *see also Alexander Dubose Jefferson & Townsend LLP*, 540 S.W.3d at 586–87.

**Findings of Fact and Conclusions of Law**

In its first issue, appellant argues that the trial court erred by not issuing findings of fact and conclusions of law.

Findings of fact and conclusions of law are required upon request in any case tried in the district or county court without a jury pursuant to Texas Rule of Civil Procedure 296. *See* TEX. R. CIV. P. 296, 297. Rule 296, however, does not apply to post-judgment hearings. *See Johnson v. J.W. Constr. Co.*, 717 S.W.2d 464, 467–68 (Tex. App.—Fort Worth 1986, no writ); *see also Shearn v. Brinton-Shearn*, No. 01-17-00222-CV, 2018 WL 6318450, at *11 (Tex. App.—Houston [1st Dist.] Dec. 4, 2018, no pet.) (mem. op.) ("[A] trial court's duty to file findings of fact and conclusions of law does not extend to post-judgment hearings."). An order on a petition for distribution of excess proceeds from a tax foreclosure sale is a post-final-judgment proceeding. *See Royal Indep. Sch. Dist.*, 273 S.W.3d at 764.

7

Because Rule 296 does not apply to post-judgment hearings and the trial court had no duty to make findings of fact and conclusions of law, we hold that the trial court did not err in not filing the requested findings of fact and conclusions of law. *See Shearn*, 2018 WL 6318450, at *11.

We overrule appellant's first issue.

**Petition for Excess Proceeds**

Appellant argues that the trial court erred by denying its petition because it established its right to the excess funds in the court's registry.

Appellees contend that the trial court did not err when it denied the petition because the assignment did not satisfy the requirements of Tax Code section 34.04(f)(4) and (5).[1] Section 34.04(f)(4) and (f)(5)(I) state:

> A person may not take an assignment or other transfer of an owner's claim to exceed proceeds unless: . . . (4) the assignee or transferee pays the assignor or transferor on the date of the assignment or transfer an amount equal to at least 80% of the amount of the assignor's or transferor's claim to the excess proceeds [and] (5) the assignment or transfer document contains a sworn statement by the assignor or transferor affirming . . . (I) that the consideration paid was an amount equal to at least 80 percent of the amount of the assignor's or transferor's claim to the excess proceeds.

TEX. TAX CODE §§ 34.04(f)(4), (f)(5)(I).

---

[1] Appellant argues that appellees have not preserved this argument for appeal because they did not file any pleadings in the trial court contesting or objecting to the assignment of the excess funds. Appellees, however, are not challenging or complaining about the trial court's judgment; they are raising this argument as an "alternative position to seek affirmance of the judgment." *See City of San Antonio v. Winkenhower*, 875 S.W.2d 388, 391 (Tex. App.—San Antonio 1994, pet. denied).

Appellant attached a copy of the sworn assignment to the petition. The assignor, however, avers in the assignment that "the amount of consideration given for the assignment is $ 1.00 and other good and valuable consideration." The assignment further states that "the amount of the excess proceeds contained in the registry of the Court is $33,172.35." Thus, the assignor's sworn statement affirmatively reflects that the assignment does not comply with the requirements of section 34.04(f)(4) because the consideration paid for the assignment ($1.00) was far less than "80 percent of the amount of the assignor's or transferor's claim to the excess proceeds" ($33,172.35). Because the assignment does not comply with the requirements of section 34.04(f), we cannot say that the trial court erred by denying the petition for excess funds.

We overrule appellant's second issue.

## Conclusion

We affirm the trial court's judgment. Any pending motions are dismissed as moot.

Russell Lloyd
Justice

Panel consists of Justices Lloyd, Goodman, and Landau.

9