**Opinion issued January 23, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00118-CV

————————————

**SUNNYLAND DEVELOPMENT, INC., Appellant**

**V.**

**SHAWN IBRAHIM, INC., MAHMOOD AKHTAR, AND MUHAMMAD AMIN, Appellees**

On Appeal from the 61st District Court
Harris County, Texas
Trial Court Case No. 2011-02593

# O P I N I O N

The trial court entered an order declaring that Shawn Ibrahim, Inc., Mahmood Aktar, and Muhammad Amin had satisfied a judgment previously entered against them in favor of Sunnyland Development, Inc. Sunnyland appeals from the trial court's order. We dismiss the appeal for lack of subject-matter jurisdiction.

## BACKGROUND

In April 2014, the trial court signed a money judgment in Sunnyland's favor against the appellees in a dispute on a note. The appellees appealed from that judgment. This court affirmed the trial court's judgment against the appellees, and the Supreme Court of Texas denied their petition for review. *See Shawn Ibrahim, Inc. v. Suncoast Envtl. & Constr.*, No. 01-14-00583-CV, 2015 WL 4043242 (Tex. App.—Houston [1st Dist.] July 2, 2015, pet. denied) (mem. op. on reh'g).

The current appeal arises from subsequent proceedings in the trial court. In November 2018, the appellees filed a motion in the trial court requesting that it declare that they had satisfied the money judgment. Sunnyland opposed the motion.

The parties' disagreement concerns the amount of interest that the appellees owed on the April 2014 judgment. Sunnyland maintains that interest accrued on the judgment at a rate of 18 percent per year, whereas the appellees contend that interest accrued on the judgment at a rate of 5 percent per year.

In December 2018, the trial court signed an order declaring that the appellees had satisfied the April 2014 judgment by tendering a payment of $680,000 to Sunnyland rather than the $1,135,716.35 that Sunnyland claimed was owed. Sunnyland moved for reconsideration, which the trial court denied in January 2019.

Sunnyland appeals from the trial court's December 2018 order. Sunnyland also has filed a mandamus petition challenging the order. *See In re Sunnyland Dev.,*

*Inc.*, No. 01-19-00461-CV (filed June 20, 2019). This court previously denied Sunnyland's motion to consolidate this appeal with the original proceeding.

## JURISDICTION

This court issued a notice of intent to dismiss this appeal for lack of subject-matter jurisdiction. *See* TEX. R. APP. P. 42.3(a). Sunnyland has filed a response.

### *Applicable Law*

In general, a party may appeal only from a final judgment or certain interlocutory orders expressly made appealable by statute. TEX. CIV. PRAC. & REM. CODE §§ 51.012, 51.014(a); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Most post-judgment orders made to carry into effect or enforce a judgment are not appealable because these orders are not themselves a final judgment or an order for which an appeal is statutorily authorized. *See, e.g.*, *Sintim v. Larson*, 489 S.W.3d 551, 556 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *Jack M. Sanders Fam. Ltd. P'ship v. Roger T. Fridholm Revocable Living Tr.*, 434 S.W.3d 236, 242–43 (Tex. App.—Houston [1st Dist.] 2014, no pet.). At least one narrow exception exists for orders that operate like a mandatory injunction resolving property rights. *Jack M.*, 434 S.W.3d at 242. But this exception does not encompass most orders made to aid in the collection of a money judgment. *See id.* Post-judgment orders that are not subject to appeal must be challenged by a petition for writ of mandamus. *Sintim*, 489 S.W.3d at 556. An appeal from a post-judgment order that is not

3

appealable must be dismissed for lack of jurisdiction. *See, e.g.*, *Kelly v. Wiggins*, 466 S.W.3d 324, 328–29 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Fisher v. P.M. Clinton Int'l Investigations*, 81 S.W.3d 484, 485–86 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

## *Analysis*

The trial court's order granted the appellees' motion and provided:

> It is therefore ORDERED that the Final Judgment signed on April 14, 2014 has been fully satisfied in all respects upon Movant's tender of $680,000.00 to Judgment Creditor. It is further ORDERED that Shawn Ibrahim, Inc., Mahmood Akhtar, and Muhammad Amin are released from that judgment and have no outstanding judgment debt to Sunnyland Development, Inc.

The trial court's order is not one for which an appeal is statutorily authorized. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a). Nor is it a final judgment. With a few exceptions that are inapplicable here, there is only one final judgment in a given lawsuit. *See* TEX. R. CIV. P. 301; *Icon Benefit Adm'rs II v. Mullin*, 405 S.W.3d 257, 261 (Tex. App.—Dallas 2013, orig. proceeding). The underlying lawsuit concluded with the entry of a final judgment several years ago. The trial court's order was signed after and in aid of that final judgment.

Sunnyland suggests that the trial court's order may be appealable because it arguably operates as a mandatory injunction resolving property rights. Sunnyland reasons that the order may qualify as such because it decides how much the judgment is worth monetarily and in effect enjoins Sunnyland from collecting more.

4

Sunnyland does not cite any authority holding that an order like the trial court's functions as a mandatory injunction resolving property rights. It does not. The essence of an injunction is that it commands or restrains action. *See Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336–37 (Tex. 2000) (per curiam). The trial court's order does neither. It does not require Sunnyland or anyone else to act or refrain from acting. The order is declaratory: it states that the April 2014 judgment was satisfied upon the appellees' tender of $680,000 to Sunnyland. *Cf. Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577, 587 (Tex. 2018) (per curiam) (turnover order that requires judgment debtor to deliver funds to judgment creditor is like mandatory injunction and thus appealable). The trial court's order therefore is not in the nature of a mandatory injunction.

We thus lack subject-matter jurisdiction to decide Sunnyland's appeal.

## CONCLUSION

We dismiss this appeal for lack of jurisdiction.

Gordon Goodman
Justice

Panel consists of Justices Keyes, Goodman, and Countiss.

5