**Opinion issued March 27, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00908-CV

_____

**STEVE MARTINEZ D/B/A/ GULF COAST CONSTRUCTION SERVICES,**
**Appellant**

**V.**

**ROBERT KHAMI, Appellee**

---

**On Appeal from 189th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-88048**

---

## MEMORANDUM OPINION

Appellant Steve Martinez doing business as Gulf Coast Construction Services filed a notice of appeal from the trial court's interlocutory order denying his Amended Plea to the Jurisdiction and Motion to Dismiss. Appellee Robert Khami

filed a Motion to Dismiss the appeal for lack of jurisdiction. Acknowledging this Court lacks jurisdiction over his interlocutory appeal, Appellant requests that we construe his appeal "as a request for mandamus relief."

We grant Appellee's motion and dismiss the appeal for lack of jurisdiction.

**Discussion**

"[C]ourts always have jurisdiction to determine their own jurisdiction." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) (internal quotation marks omitted); *see Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding jurisdiction is fundamental in nature and cannot be ignored). Whether we have jurisdiction is a question of law, which we review *de novo*. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). A final judgment or other appealable interlocutory order is a prerequisite to appellate jurisdiction. *Jack M. Sanders Family Ltd. P'ship v. Roger T. Fridholm Revocable, Living Tr.*, 434 S.W.3d 236, 240 (Tex. App.—Houston [1st Dist.] 2014, no pet.). If this is an appeal from an interlocutory order over which we lack jurisdiction, we must dismiss the appeal. *Ragsdale*, 273 S.W.3d at 763.

"We may, however, exercise our mandamus jurisdiction when a party specifically requests mandamus treatment of [his] appeal, as in this case." *Silwany v. JJLJ Operating, LLC*, No. 14-24-00403-CV, 2024 WL 3579456, at *1 (Tex.

App.—Houston [14th Dist.] July 30, 2024, no pet.) (mem. op.) (citing *CMH Homes v. Perez,* 340 S.W.3d 444, 454 (Tex. 2011) (holding that "appeal may properly be considered as a petition for writ of mandamus, as [appellant] requested")). In exercising mandamus jurisdiction, we hold appellants to the same exacting standard to which we hold all parties in original proceedings. *Id.* Mandamus relief is appropriate only when relator establishes the trial court clearly abused its discretion and relator lacks an adequate appellate remedy. *In re AutoNation, Inc.*, 228 S.W.3d 663, 667 (Tex. 2007) (orig. proceeding); *In re Prudential Ins. Co of America*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding).

Appellant appeals from the trial court's order denying his Amended Plea to the Jurisdiction and Motion to Dismiss. Appellee filed a Motion to Dismiss arguing we lack jurisdiction over the appeal "because it is from an interlocutory order and there is no statute allowing for the appeal." In response, Appellant concedes this Court lacks jurisdiction over his interlocutory appeal because "only a governmental unit, as defined under TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3), is permitted to file an appeal from interlocutory ruling on plea to jurisdiction."[1] He thus seeks leave to amend the title of his notice of appeal, requesting we construe his appeal "as a request for mandamus relief."

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

3

Appellant argues in his appellate brief that the trial court erred in denying his Plea to the Jurisdiction and Motion to Dismiss because Appellee lacks standing to assert his claims.[2] Appellant, however, does not assert anywhere in his appellate brief or in his motion for leave that the trial court abused its discretion or that he lacks an adequate appellate remedy. While Appellant acknowledges in his motion for leave that a relator must establish he lacks an adequate appellate remedy to secure mandamus relief, he does not explain why he lacks an adequate appellate remedy here. Appellant asserts only that he lacks an adequate appellate remedy because there is "no option of interlocutory appeal." But that is not the relevant inquiry. The inquiry is whether Appellant will have an eventual remedy on appeal upon entry of final judgment. If such a remedy lies and is adequate, mandamus relief is not available. *See Silwany*, 2024 WL 3579456, at *1 (holding mandamus was not available because appellant "would have an adequate remedy by way of an appeal of the final judgment in the underlying matter").

"Absent an extraordinary situation, mandamus will not issue to correct a trial court's denial of a plea to the jurisdiction, as an appeal will generally be an adequate remedy." *In re Occidental W. Texas Overthrust, Inc*., 626 S.W.3d 395, 399 (Tex.

---

[2] We note that Appellant's notice of appeal challenges the trial court's order denying his Amended Plea to the Jurisdiction and Motion to Dismiss, signed on November 4, 2024, but the arguments in his appellate brief relate only to the trial court's oral ruling on September 24, 2024 denying his original Plea to the Jurisdiction and Motion to Dismiss.

App.—El Paso 2021, no pet.) (citing *In re Bay Area Citizens Against Lawsuit Abuse*, 982 S.W.2d 371, 375 (Tex. 1998)). Thus, even were we to construe Appellant's appeal as a petition for writ of mandamus, Appellant has not demonstrated he lacks an adequate remedy by appeal or that his appeal is an otherwise extraordinary circumstance requiring mandamus relief. *See Gruss v. Gallagher*, 680 S.W.3d 642, 661-62 (Tex. App.—Houston [14th Dist.] 2023, no pet.) (citing TEX. R. APP. P. 52.3(h) (stating that "[t]he petition must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record")); *In re Bay Area Citizens Against Lawsuit Abuse*, 982 S.W.2d at 375 (denying mandamus relief for trial court's denial of plea to jurisdiction because relator failed to show it lacked adequate appellate remedy); *see also In re Occidental W. Texas Overthrust, Inc.*, 626 S.W.3d at 399 (same).

We grant Appellee's Motion to Dismiss and dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.