

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00583-CV

———————————————

NIKI K. DICKEHUT, Appellant

V.

KENNY OZEE, Appellee

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CV25-0252

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

On October 31, 2025, Appellant Niki K. Dickehut appealed the trial court's October 20, 2025 turnover order. She and Appellee Kenny Ozee have now filed a "Joint Agreed Motion for Judgment Pursuant to Settlement Agreement" asking "that the [c]ourt render judgment in accordance with their agreement." As we will explain, we construe the joint motion as a request to set aside the turnover order without regard to the merits and to remand the case to the trial court for rendition of judgment in accordance with the parties' agreement, and we will grant that relief. *See* Tex. R. App. P. 42.1(a)(2)(B).

On June 12, 2025, Ozee obtained a default judgment against Dickehut in Cause No. CV25-0252 in the 43rd Judicial District Court of Parker County, Texas, and he then obtained the challenged turnover order in that cause. Dickehut did not appeal the default judgment.

But eight days after the trial court signed the turnover order, Dickehut attacked the default judgment through a bill-of-review proceeding in Cause No. CV25-1732 in the 43rd Judicial District Court, which remains pending. Three days later, Dickehut made a deposit with the trial court to suspend enforcement of the turnover order in Cause No. CV25-0252,[1] appealed that turnover order, and filed an emergency motion

---

[1]*See* Tex. R. App. P. 24.1(a), (c), 24.2(a)(1).

with this court to stay "all post-judgment enforcement" during the appeal's pendency. We stayed the turnover order's deadlines and ordered a response to the motion.

By the response deadline, the parties informed us that they were working on a settlement agreement and indicated that they expected to file a "motion to dismiss by agreement under Texas Rule of Appellate Procedure 42.1." Since then, the parties have filed a "Joint Agreed Motion for Judgment Pursuant to Settlement Agreement" notifying us that they have agreed to settle:

Exhibit A – Rule 42.1 Agreement

The parties have agreed to settle this matter for good and valuable consideration and entered into a Rule 11 Agreement in Cause No. CV-25-1732, which is related to the case on appeal from the 43rd District Court in Cause No. CV25-0252. In the agreement, Appellant agreed to pay Appellee a sum of money in exchange for transfer of title to an RV that was subject of the dispute, and the parties agreed to release one another and to file agreed motions to cause the underlying default judgment and turnover order to be vacated and set aside through the bill of review proceeding in Cause No. CV-25-1732 and in this appeal. To effectuate that agreement, the attorneys for the parties in this appeal in case number 02-25-00583-CV, pending in the Second Court of Appeals, hereby memorialize the agreement to settle and jointly request the Court to render judgment to vacate the default judgment and the turnover order.[2]

In the joint motion, the parties ask us to dispose of their appeal by rendering judgment setting aside and vacating (1) the June 12, 2025 default judgment, which

---

[2]The parties have not filed their entire settlement agreement, so we do not know its complete terms, including what the parties have decided concerning Dickehut's deposit made in lieu of bond.

3

Dickehut did not appeal; and (2) the October 20, 2025 turnover over, which she did. The parties also state in a proposed order that they "will bear their own costs."

"Texas law encourages parties to resolve their disputes by agreement." *Transcor Astra Grp. S.A. v. Petrobras Am. Inc.*, 650 S.W.3d 462, 473 (Tex. 2022). To this end, the appellate rules enable us, by "an agreement signed by the parties or their attorneys and filed with the clerk," to

    (A) render judgment effectuating the parties' agreement;

    (B) set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreement; or

    (C) abate the appeal and permit proceedings in the trial court to effectuate the agreement.

Tex. R. App. P. 42.1(a)(2).

But we must have jurisdiction to grant the requested relief, and here, Dickehut did not appeal the default judgment but instead filed a bill-of-review proceeding. *See Carmona v. Stahely*, No. 14-07-00448-CV, 2008 WL 450369, at *1 (Tex. App.—Houston [14th Dist.] Feb. 21, 2008, no pet.) (per curiam) (mem. op.) (explaining that appellate court lacked jurisdiction in a turnover-order appeal to also review an untimely appealed default judgment (citing *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005))); *see also Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex. 1999) ("A bill of review is an independent action to set aside a judgment *that is no longer appealable* or subject to challenge by a motion for new trial." (emphasis added)).

And although the parties request that we render judgment vacating the default judgment in accordance with their agreement, parties cannot confer jurisdiction on us by agreement. *See Hahn v. Sw. Double D Ranch, LP*, No. 05-16-00111-CV, 2017 WL 1832505, at *2 n.1 (Tex. App.—Dallas May 8, 2017, no pet.) (mem. op.); *Jack M. Sanders Fam. Ltd. P'ship v. Roger T. Fridholm Revocable, Living Tr.*, 434 S.W.3d 236, 240 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Accordingly, we lack jurisdiction in this appeal to disturb the default judgment. *See Carmona*, 2008 WL 450369, at *1.

The parties have stated that they "have settled and have fully compromised and resolved all claims at issue in this appeal," have acknowledged reaching a separate Rule 11 agreement in the pending bill-of-review proceeding, have not explained to us the complete terms of their settlement agreement, and have requested that we render judgment vacating both the turnover order and the default judgment—the latter over which we lack jurisdiction. In this situation, we conclude that the parties' joint motion should be granted in part and denied in part. *See* Tex. R. App. P. 42.1(a)(2), 43.2(d); *Billy Thomas & Paisano Ready Mix, Inc. v. Reese*, No. 02-18-00338-CV, 2019 WL 984174, at *1 (Tex. App.—Fort Worth Feb. 28, 2019, no pet.) (mem. op.); *see also Cunningham v. Cunningham*, No. 2-08-362-CV, 2008 WL 5479677, at *1 & n.2 (Tex. App.—Fort Worth Oct. 30, 2008, no pet.) (per curiam) (mem. op.) (stating that Rule 42.1(a)(2)'s disjunctive use of *or* did not permit the court to grant the parties' request to

"'effectuate [their] agreement' by 'vacating and setting aside [the challenged order]'";
"[W]e cannot do both.").

Accordingly, without regard to the merits, we set aside the trial court's turnover order in Cause No. CV25-0252 and remand the case to the trial court for rendition of judgment in accordance with the parties' settlement agreement.[3] *See* Tex. R. App. P. 42.1(a)(2)(b), 43.2(d); *Innovative Off. Sys., Inc. v. Johnson*, 911 S.W.2d 387, 388 (Tex. 1995).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: January 15, 2026

---

[3]Although the trial court does not have plenary power to vacate the default judgment in Cause No. CV25-0252, it can grant such relief through the pending bill-of-review proceeding. *See* Tex. R. Civ. P. 329b(f); *Cannon v. Cannon*, No. 02-21-00404-CV, 2023 WL 1859881, at *3 (Tex. App.—Fort Worth Feb. 9, 2023, no pet.) (mem. op.) (noting that after a trial court's plenary power has expired, the trial court cannot set aside its judgment except by bill of review).