Angelo DISPENSA, Individually and as Independent Executor of the Estate of Frances D. Maceo, Deceased, Appellant,

v.

UNIVERSITY STATE BANK, Appellee.

No. 06–96–00082–CV.

Court of Appeals of Texas,
Texarkana.

Submitted July 23, 1997.

Decided Aug. 12, 1997.

Rehearing Overruled Sept. 23, 1997.

---

Timothy R. Ploch, Houston, Keith C. Livesay, McAllen, for appellant.

Leslie L. Gallman, Jones & Associates, Sugar Land, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Angelo Dispensa appeals by writ of error from a charging order against his partnership interest in Gulf Properties Partnership. Because we find that the order is interlocutory, we dismiss for want of jurisdiction.

On May 10, 1990, University State Bank filed suit against Dispensa, individually and as the independent executor of the estate of Frances D. Maceo, to collect the balance due on a promissory note.[1]

On December 26, 1990, University obtained a default judgment against Dispensa. The judgment against Dispensa remained

---

1. The promissory note was for approximately $281,000.00.

unsatisfied.[2] On November 22, 1995, University filed two separate motions with the original trial court seeking enforcement of the judgment. It filed an "Application for Charging Order" against Dispensa's partnership interest in Gulf Properties Partnership and an "Application for Turnover and for Appointment of a Receiver." A hearing was set for March 8, 1996. Notice of the hearing was sent, via certified mail, to Dispensa's Connecticut address.

Dispensa did not attend the March 8, 1996 hearing. The hearing was held, and the trial court granted University's application for a charging order.[3]

Dispensa contends that the trial court erred in issuing the charging order because it lacked jurisdiction over him. He brings this appeal by writ of error. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 51.012, 51.013 (Vernon 1997). In order to be entitled to appellate relief by writ of error, a petitioner must show that the petition was filed within six months of the date of final judgment, the party seeking the writ was a party to the suit, the petitioner did not participate at trial, and error is apparent on the face of the record. TEX.R.APP. P. 45; *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985); *Brown v. McLennan County Children's Protective Servs.*, 627 S.W.2d 390, 392 (Tex.1982). We do not reach the merits of the appeal because we find the order to be interlocutory.

■ Texas appellate courts have jurisdiction only over final judgments.[4] *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex. 1985). There can only be one final judgment. *See* 5 MCDONALD TEXAS CIVIL PRACTICE § 31:3 (rev.1992). The term "final judgment," however, applies differently in different contexts. *Street v. Second Court of Appeals*, 756 S.W.2d 299, 301 (Tex.1988). A judgment is final for purposes of appellate jurisdiction if it disposes of all issues and parties in a case and no further action is required to determine the controversy. *Mafrige v. Ross*, 866 S.W.2d 590, 592 (Tex.1993); *Houston Health Clubs, Inc. v. First Court of Appeals*, 722 S.W.2d 692, 692 (Tex.1986); *North East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). Judgments that fail to resolve some claim of some party or fail to state with sufficient clarity the relief granted are interlocutory and nonappealable. *See* 6 MCDONALD TEXAS CIVIL PRACTICE § 11:3[a] (rev.1992).

This court requested, *sua sponte*, supplemental briefs from Dispensa on the appealability of the issued charging order. We provided University with an adequate opportunity to respond. We have received Dispensa's supplemental briefs addressing this issue. University chose not to respond.

■ University filed two applications with the trial court, an "Application for Turnover and for Appointment of a Receiver" and an

---

2. Dispensa filed a bill of review to set aside the default judgment, but it was denied.

3. TEX.REV.CIV. STAT. ANN. art. 6132b, § 28 (Vernon 1970) provides:
    (1) On due application to a competent court by any judgment creditor of a partner (or of any other owner of an interest in the partnership), the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner (or such other owner) with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts and inquiries which the debtor partner (or such other owner) might have made, or which the circumstances of the case may require.
    (2) The interest charged may be redeemed at any time before foreclosure, or in case of a sale being directed by the court may be purchased without thereby causing a dissolution:
      (a) With separate property, by any one or more of the partners, or
      (b) With partnership property, by any one or more of the partners with the consent of all the partners whose interests are not so charged or sold.
    (3) Nothing in this Act shall be held to deprive a partner (or other owner) of his right, if any, under the exemption laws, as regards his interest in the partnership.
    The statute makes the charging order effective against any debtor, whether a partner or not, owning an interest in the partnership. TEX.REV. CIV. STAT. ANN. art. 6132b cmt.

4. Interlocutory orders may be appealed in limited circumstances. None of these statutory exceptions apply to this action. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon 1997).

"Application for Charging Order," in an effort to satisfy its judgment against Dispensa. Judgment creditors can seek assistance from the original court in enforcing their judgments.[5] TEX.R. CIV. P. 308; *Arndt v. Farris,* 633 S.W.2d 497, 499 (Tex.1982). A charging order is the sole means by which a judgment creditor can reach an individual debtor's partnership interest.[6] TEX.REV.CIV. STAT. ANN. art. 6132b, §§ 25(2)(c), 28 (Vernon 1997); *Milberg Factors, Inc. v. Hurwitz–Nordlicht Joint Venture,* 676 S.W.2d 613, 615 (Tex.App.—Austin 1984, writ ref'd n.r.e.). University's application requested (1) issuance of a charging order against Dispensa's interest in Gulf Properties Partnership and (2) that Gulf Properties be ordered to file a complete accounting with the court as to Dispensa's interest in that partnership.

The trial court granted University's application for a charging order and issued an order directing Gulf Properties to pay University "[D]ispensa's share of the profits and any other monies due to him" until the judgment is satisfied. The order did not address University's additional request for an accounting, nor did it mention University's second application for turnover or appointment of a receiver.

Dispensa asserts two reasons why the charging order is a final judgment. First, he contends that collecting a judgment is a process similar to probating a will or managing the administration of a receivership, and as long as the order conclusively disposes of the issue or question associated with that part of the process, it is final and appealable. *See,*

*e.g., Huston v. Federal Deposit Ins. Corp.,* 800 S.W.2d 845, 847 (Tex.1990); *Kelley v. Barnhill,* 144 Tex. 14, 188 S.W.2d 385, 386 (1945); *Christensen v. Harkins,* 740 S.W.2d 69, 72 (Tex.App.-Fort Worth 1987, no writ); *Bergeron v. Session,* 554 S.W.2d 771, 775 (Tex.Civ.App.—Dallas 1977, no writ).

Second, Dispensa contends that the charging order acts as a postjudgment mandatory injunction and, as such, is final and appealable. *See Schultz v. Fifth Court of Appeals,* 810 S.W.2d 738, 740 (Tex.1991); *Roosth v. Daggett,* 869 S.W.2d 634, 636 (Tex.App.—Houston [14th Dist.] 1994, orig. proceeding).

■ Dispensa's assertions fail for two reasons. First, the trial court's order fails to dispose of all the issues raised at that particular stage of the proceeding. Second, the order fails to state with sufficient clarity and certainty the relief granted.

Even assuming arguendo that Dispensa is correct in his analogy that collecting a judgment is a process, the charging order here fails to resolve all of the issues raised by University. Orders that fail to dispose of the issues raised at a particular stage of a process are interlocutory in nature and not appealable. *See, e.g., Crowson v. Wakeham,* 897 S.W.2d 779, 783 (Tex.1995). The cases cited by Dispensa agree with this principle. The order in question here only directs Gulf Properties to pay Dispensa's "share" of the partnership profits to University. It does not discuss or otherwise resolve University's simultaneous request for an accounting. By its very terms, the order fails to address all

**5.** A judgment creditor may ask a court to order a writ of execution. TEX. CIV. PRAC. & REM.CODE ANN. § 34.001 (Vernon 1997); TEX.R. CIV. P. 621, 622; *see Ford v. Wied,* 823 S.W.2d 423, 424 (Tex. App.—Texarkana 1992, writ denied). The court may order attachment. TEX. CIV. PRAC. & REM.CODE ANN §§ 61.001, 61.002, 61.003, 61.021, 61.022 (Vernon 1997); TEX.R. CIV. P. 592; *see Federal Deposit Ins. Corp. v. Texarkana Nat'l Bank,* 673 S.W.2d 262, 263 (Tex.App.—Texarkana 1984, no writ). The court may order garnishment. TEX. CIV. PRAC. & REM.CODE ANN. §§ 63.001, 63.002 (Vernon 1997); TEX.R. CIV. P. 657, 658; *see Pitts v. Dallas Nurseries Garden Center, Inc.,* 545 S.W.2d 34, 36 (Tex.Civ.App.—Texarkana 1976, no writ). The court may also order the turnover of a debtor's property. TEX. CIV. PRAC. & REM.CODE ANN. § 31.002 (Vernon 1997); *see Schmerbeck v. River Oaks Bank,* 786 S.W.2d 521, 521–22 (Tex.

App.—Texarkana 1990, no writ); *see generally Greiner v. Jameson,* 865 S.W.2d 493, 498 (Tex. App.—Dallas 1993, writ denied).

**6.** There is little Texas case law on charging orders. *See generally Bohonus v. Amerco,* 124 Ariz. 88, 602 P.2d 469, 470–71 (1979); *Baum v. Baum,* 51 Cal.2d 610, 335 P.2d 481, 483 (1959); *Krauth v. First Continental Dev-Con, Inc.,* 351 So.2d 1106, 1108 (Fla.Dist.Ct.App.1977); *Nigri v. Lotz,* 216 Ga.App. 204, 453 S.E.2d 780, 782 (1995); *Wills v. Wills,* 750 S.W.2d 567, 574 (Mo.Ct.App. 1988); *Major Real Estate & Inv. Corp. v. Republic Fin. Corp.,* 695 P.2d 893, 894 (Okla.Ct.App.1985); *Shirk v. Caterbone,* 201 Pa.Super. 544, 193 A.2d 664, 665 (1963); *Christensen v. Oedekoven,* 888 P.2d 228, 232 (Wyo.1995).

the issues raised by University in its pleadings at this stage of the collection process.

An otherwise interlocutory order may be made a final judgment by including a "Mother Hubbard" clause in its text stating that all relief not expressly granted is denied. *See Mafrige v. Ross*, 866 S.W.2d at 590 n. 1. The charging order does not contain a "Mother Hubbard" clause or any other language that can be interpreted as intending such a result.

■ Dispensa asserts that the mere fact that University requested other forms of relief is not relevant because the nature of the order "mandates certain actions by the parties and affects a substantial right." This assertion ignores the importance of the issues left unresolved by this charging order. Without the requested accounting there is no way to conclusively determine how much Gulf Properties owes University. The order requires further proceedings to determine these issues. Orders that require further proceedings with regard to the very issue being decided are interlocutory and cannot be appealed. *Meek v. Hart*, 611 S.W.2d 162, 163 (Tex.Civ.App.—El Paso 1981, no writ).

■ The charging order also lacks the clarity and certainty of a final, appealable judgment. Dispensa asserts that a charging order, like a turnover order, acts as a mandatory injunction.

■ A mandatory injunction, issued pursuant to a request to a court for aid in collecting on a judgment, resolves property rights and orders the affected party to engage in some form of affirmative action to accomplish a specified objective. It is a final and appealable order.[7] *Schultz v. Fifth Court of Appeals*, 810 S.W.2d at 740; *Roosth v. Daggett*, 869 S.W.2d at 636. A properly issued charging order accomplishes these functions by ordering the affected partnership to pay the income due the debtor to his judgment creditor. TEX.REV.CIV. STAT. ANN. art. 6132b, § 28. The mere fact that a charging order is similar in nature to a mandatory injunction does not, however, resolve the issue presented in this action.

The charging order here fails as a mandatory injunction. It does not fully determine the substantive property rights of the parties involved, nor does it inform Gulf Properties with sufficient clarity how it can comply with the order.

The order reflects the trial court's decision that University is entitled to Dispensa's partnership interest, but that is all it does. It does not state what Dispensa's interest is in the partnership. It fails to provide a method of determining the extent of Dispensa's interest and is silent on how and when Gulf Properties is to make payments to University. The order's failure to resolve these basic issues undermines its effectiveness as a final order.

A judgment that lacks certainty and that is not sufficiently definite in the relief it grants is not a final judgment. *See, e.g., Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex.1986); *International Security Life Ins. Co. v. Spray*, 468 S.W.2d 347, 350 (Tex.1971); *Alegria v. Texas Alcoholic Beverage Comm'n*, 731 S.W.2d 723, 725 (Tex.App.—Houston [14th Dist.] 1987, no writ); *see also* 6 McDONALD TEXAS CIVIL PRACTICE § 11:3[a]. The charging order here merely states the objective to be achieved without determining to what extent the objective exists or the means of achieving that objective.

For the reasons discussed, we dismiss this appeal for want of jurisdiction.

---

7. Whether a charging order itself is a final, appealable "judgment" is a case of first impression. As a general rule, the usual writs and orders used to aid enforcement and collection of a final money judgment are not appealable. *Schultz v. Fifth Court of Appeals*, 810 S.W.2d 738, 740 (Tex. 1991). Since the charging order in this case is interlocutory due to other defects, we lack jurisdiction to hear this appeal. We cannot, and need not, decide this question.