**Opinion issued May 6, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

## NO. 01-13-00420-CV

———————————

## DEBRA JANE HUETT, B.A., Appellant

## V.

## ROBERTA LLOYD, Appellee

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-42923**

---

## MEMORANDUM OPINION

Appellant, Debra Jane Huett, attempts to bring a restricted appeal from an interlocutory order denying her request for a temporary injunction. On December 12, 2012, the trial court entered an order denying Huett's motion for a temporary

injunction. On May 16, 2013, Huett filed a notice of appeal seeking a restricted appeal of the trial court's order. We dismiss the appeal.

Generally speaking, appellate courts only have jurisdiction over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). Texas appellate courts only have jurisdiction to immediately consider appeals from interlocutory orders if a statute explicitly provides appellate jurisdiction. *See Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). There is no statutory authority, however, for judicial review of an interlocutory order by restricted appeal. *See Standifer v. Cepeda*, No. 05-05-00725-CV, 2005 WL 2212291, at *2 (Tex. App.— Dallas Sept. 13, 2005, no pet.) (dismissing restricted appeal of interlocutory order for want of jurisdiction); *Federated Mut. Ins. Co. v. Davenport*, 85 S.W.3d 837, 838 (Tex. App.—Waco 2002, no pet.) (same); *Dispensa v. Univ. State Bank*, 951 S.W.2d 797, 799 (Tex. App.—Texarkana 1997, pet. denied) (same). Therefore, we have no jurisdiction over this attempted appeal.

Moreover, on May 29, 2013, the trial court granted appellee's motion for summary judgment, thereby rendering a final judgment in the case. If a trial court renders a final judgment while an appeal from its grant or denial of a temporary injunction is pending, then an appeal of the ruling on the injunctive relief becomes moot and must be dismissed. *See Isuani v. Manske-Sheffield Radiology Group,*

*P.A.*, 802 S.W.2d 235, 236 (Tex. 1991). Thus, Huett's appeal of the order denying her motion for a temporary injunction was rendered moot by the trial court's final judgment in the case.

On July 16, 2013, we informed Huett that her appeal would be dismissed for want of jurisdiction unless she filed a response demonstrating that this Court has jurisdiction over this appeal. Huett failed to file an adequate response. *See* TEX. R. APP. P. 42.3(c).

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Brown.

3