Christopher SPATES and Prodigy
Services, LLC, Appellants

v.

OFFICE OF the ATTORNEY GENER-
AL, CHILD SUPPORT DIVISION, and
Eni US Operating Company, Appellees

NO. 14–14–00741–CV

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed January 28, 2016

Taura Spates, Houston, TX, for Appellant.

Erick Sandlin, Houston, TX, Deterrean Gamble, Austin, TX, Angela Marie Lancelin, Houston, TX, John B. Worley, Austin, TX, Rande Herrell, Austin, TX, for Appellees.

Panel consists of Justices Jamison, McCally, and Wise.

## OPINION

Ken Wise, Justice

The Office of the Attorney General, Child Support Division ("the OAG"), intervened in a lawsuit between Prodigy Services, LLC and Eni U.S. Operating Company, seeking to collect on three child support liens against Christopher Spates. Spates, a member and the owner of Prodigy, was not a party to the lawsuit. The trial court granted a charging order in favor of the OAG against Spates's membership interest in Prodigy, requiring Prodigy to pay the amounts of unsatisfied child support judgments against Spates out of any distribution to which Spates would otherwise be entitled by virtue of his membership interest in Prodigy. On appeal, Spates and Prodigy contend that the trial court lacked personal jurisdiction over Spates and subject matter jurisdiction to issue the charging order because the trial court was not one of the three courts in which the child support judgments were issued against Spates. Spates and Prodigy also contend that the trial court abused its discretion in granting the OAG's motion for a charging order against Spates because the OAG failed to follow the procedures for obtaining a charging order. We dismiss Spates's appeal and affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Christopher Spates is the owner and sole member of Prodigy, a limited liability company organized under Texas law with its place of business in Harris County.[1] In June 2012, Prodigy sued Eni for breach of contract and tortious interference with contract in the 234th District Court in

---

1. Prodigy's original petition recites that Spates is Prodigy's owner. The trial court's order on the OAG's application for entry of the charging order recites that Spates "is and was at all times material to this case associated with [Prodigy] as the sole member/owner" of the limited liability company, and Spates does not challenge this or any other recitation in the judgment.

Harris County. Attached to Prodigy's petition was the contract between Prodigy and Eni, which Spates signed as Prodigy's owner.

In September 2013, Spates was deposed in the lawsuit. Immediately after that, the OAG made an appearance, filing three child support liens against Spates's interest in the proceeds in Prodigy's suit against Eni.[2] *See In re Prodigy Servs., LLC,* No. 14-14-00248-CV, 2014 WL 2936928, at *1 (Tex.App.-Houston [14th Dist.] June 26, 2014, orig. proceeding) (mem.op.).

The three liens were based on three child support judgments naming Spates as the obligor. Each lien provided that it "attaches to all nonexempt real and/or personal property of the above-named obligor which is located or existing within this State/county of filing, including any property specifically described below." The property described was "Any and All proceeds in the following: Prodigy Services LLC [v.] Eni Operating Co, Inc.; Cause No. 201235849[.]"

The following month, Prodigy and Eni entered into a mediated settlement agreement in which Prodigy was to receive $257,500 from Eni. *See id.* On Eni's motion, the trial court ordered the settlement funds deposited into the registry of the court. *Id.*

The OAG then filed a request for a charging order, attaching three notices of child support liens based on judgments naming Spates as the obligor. The OAG requested an order charging Spates's membership interest in Prodigy in the amount of $82,730.64, representing the total of the amounts owed on the three judgments. The OAG also requested an order requiring Prodigy to distribute all cash and assets due Spates directly to the registry of the court until the unsatisfied child support liens had been satisfied, and an order requiring the court clerk to disburse funds directly from the court registry to satisfy the child support liens.

In response, Prodigy requested that the trial court deny the OAG's requests and disburse the settlement funds directly from the registry of the court to Prodigy. On December 16, 2013, the trial court issued an order denying Prodigy's motion to disburse the funds. Prodigy filed a motion for clarification of the trial court's order and set the motion for hearing. At the hearing, the trial court stated that it would not "take any action" on the motion because "[t]here's nothing for me to do."

On March 28, 2014, Prodigy filed a petition for writ of mandamus. Among other things, Prodigy requested this Court to order the trial court to disburse the settlement funds to Prodigy. *See id.* at *1. On June 26, 2014, this Court granted that portion of Prodigy's petition for writ of mandamus, holding that the trial court abused its discretion by not granting Prodigy's motion to disburse the settlement funds to Prodigy. *Id.* at *7. On July 21, 2014, the trial court signed an order setting aside its December 16 order and an order disbursing the settlement funds to Prodigy.

On July 22, 2014, the OAG filed an application for entry of the previously requested charging order. The trial court signed a charging order against Prodigy on July 28, 2014, attaching the three final judgments representing the unsatisfied child support arrearages that were the subject of the earlier liens, now totaling $94,376.54. The order recites that the trial court:

---

**2.** The liens reflect that the OAG was the obligee by assignment from three different mothers to whom Spates owed child support arrearages.

1. GRANTS the ORDER charging the membership interest of CHRISTOPHER SPATES in PRODIGY SERVICES, LLC, in the amount of $94,376.54 for payment of child support judgment/liens attached as Exhibit A, Exhibit B, and Exhibit C.

2. ORDERS PRODIGY SERVICES, LLC upon distribution of funds due CHRISTOPHER SPATES [to pay such funds] to the TEXAS STATE DISBURSEMENT UNIT until the unsatisfied child support judgments attached as Exhibit A, Exhibit B, and Exhibit C, have been fully paid and satisfied.

The order also provided the address to which the funds were to be sent and identified the amounts to be issued to each of the three mothers to whom Spates owed unpaid child support.[3] This appeal followed.[4]

### ANALYSIS OF SPATES'S AND PRODIGY'S ISSUES

In their first issue, Spates and Prodigy challenge the trial court's personal jurisdiction over Spates and its subject matter jurisdiction to enter the charging order. In their second issue, Spates and Prodigy contend that the OAG failed to follow the procedure for obtaining a charging order because the OAG did not serve Spates or give him notice of its request for a charging order. As an initial matter, however, we must determine whether we have jurisdiction over Spates's and Prodigy's appeal.

### I. Appellate Jurisdiction over Spates's and Prodigy's Appeal

■ An appellate court must independently determine whether it has jurisdiction over an appeal, even if no party contests jurisdiction. *M.O. Dental Lab. v. Rape*, 139 S.W.3d 671, 673 (Tex.2004) (per curiam). We conduct this inquiry *sua sponte* because jurisdiction is fundamental in nature and may not be ignored. *Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex.App.–Houston [14th Dist.] 2008, no pet.). If the present case is an appeal over which we have no jurisdiction, the appeal must be dismissed. *Id.*

### A. This Court's Jurisdiction over Spates

■ Spates was not a party to the case below, nor did he attempt to intervene in the case to challenge the OAG's action. Standing is a component of subject matter jurisdiction, and appellate standing is generally afforded only to parties of record. *State v. Naylor*, 466 S.W.3d 783, 787 (Tex.2015); *Cont'l Cas. Co. v. Huizar*, 740 S.W.2d 429, 430 (Tex.1987). An appeal filed by an improper party must be dismissed. *Naylor*, 466 S.W.3d at 787; *Times Herald Printing Co. v. Jones*, 730 S.W.2d 648, 649 (Tex.1987) (per curiam).

■ Spates does not argue that he has standing to appeal the charging order on any basis. Nor does Spates have standing merely because he is a member of Prodigy. A limited liability company is considered a

---

3. The payments were to be issued as follows: (1) Shana Williams, OAG# 0010049945, Cause No. 200161475 in the amount of $65,395.71; LaTanya Collier, OAG# 0146809933, Cause No. 9418936, in the amount of $4,397.93; and (3) Tomika Artis, OAG# 00096825001, Cause No. 200837766, in the amount of $24,582.91.

4. Eni has notified this Court that it does not intend to file a response to the appellants'

brief because Eni has no position on the issues advanced in the brief. Eni notes that it settled all claims that Prodigy asserted against it in the trial court and moved to be dismissed from the case after it deposited the settlement funds into the registry of the trial court. Eni takes the position that, because appellants' issues have no effect on Eni's settlement of the case, it is "only tangentially a party to this appeal."

separate legal entity from its members. *Barrera v. Cherer*, No. 04–13–00612–CV, 2014 WL 1713522, at *2 (Tex.App.–San Antonio Apr. 30, 2014, no pet.) (mem.op.). And as Spates acknowledges, the Business Organizations Code provides that a member of a limited liability company does not have an interest in any specific property of the company. *See* Tex. Bus. Orgs.Code § 101.106(b). Further, the OAG's requested relief did not involve litigating the amount of any child support arrearages Spates may have owed, as those amounts had already been determined and reduced to money judgments in the family courts. The charging order merely orders Prodigy, upon the event of a distribution, to send a specified amount of funds from Spates's membership interest directly to the Texas State Distribution Unit. We therefore dismiss Spates's appeal. *See* Tex.R.App. P. 43.2(f).

**B. This Court's Jurisdiction over Prodigy's Appeal of the Charging Order**

■ Having determined that Spates lacks standing to assert an appeal from the charging order, leaving Prodigy as the only party to the appeal, we must next determine whether the charging order may be challenged on direct appeal.

■ Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex.2011); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record. *Lehmann*, 39 S.W.3d at 195. An order which does not dispose of all pending parties and claims may be final for purposes of appeal in some instances, such as orders that resolve certain discrete issues in probate and receivership cases. *See id.* at 195 & nn. 14–15. But "in cases in which only

one final and appealable judgment can be rendered, a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id.* at 192–93.

■ In most cases, post-judgment orders made for the purpose of enforcing or carrying to effect an already-entered judgment are not subject to an appeal because an appeal is typically not statutorily authorized from such an order and because such orders are typically not final judgments or decrees. *Jack M. Sanders Family Ltd. P'ship v. Roger T. Fridholm Revocable, Living Trust*, 434 S.W.3d 236, 242 (Tex.App.–Houston [1st Dist.] 2014, no pet.); *In re Doe*, 397 S.W.3d 847, 849 (Tex.App.–Fort Worth 2013, no pet.). However, some post-judgment orders, like charging orders, may be appealable if an appeal is statutorily authorized or if the order resolves property rights and imposes obligations on the judgment creditor or interested third parties. *See Jack M. Sanders Family Ltd. P'ship*, 434 S.W.3d at 242; *see also Schultz v. Fifth Judicial Dist. Court of Appeals*, 810 S.W.2d 738, 740 (Tex.1991), *abrogated on other grounds by In re Sheshtawy*, 154 S.W.3d 114 (Tex.2004) (holding that turnover order which resolved property rights and operated as a mandatory injunction was appealable).

In this case, the charging order does not dispose of all claims and parties because, even though Prodigy and Eni represent that they have reached a settlement and Eni has distributed the settlement funds into the registry of the court, Eni has not been dismissed from the case, there has been no severance of Prodigy's claims

against Eni, and the charging order does not recite that it is final and appealable. Nor does any statute authorize an appeal from a charging order. We conclude, however, that we have jurisdiction over this appeal because the charging order in this case resolves property rights and imposes obligations on Prodigy, an interested third party.[5]

The Texas Business Organizations Code allows a judgment creditor to obtain a charging order from a court of competent jurisdiction as a way to collect from a judgment debtor who owns a membership interest in a limited liability company. *See* Tex. Bus. Orgs. Code § 101.112. The charging order statute provides:

(a) On application by a judgment creditor of a member of a limited liability company or of any other owner of a membership interest in a limited liability company, a court having jurisdiction may charge the membership interest of the judgment debtor to satisfy the judgment.

(b) If a court charges a membership interest with payment of a judgment as provided by Subsection (a), the judgment creditor has only the right to receive any distribution to which the judgment debtor would otherwise be entitled in respect of the membership interest.

(c) A charging order constitutes a lien on the judgment debtor's membership interest. The charging order lien may not be foreclosed on under this code or any other law.

(d) The entry of a charging order is the exclusive remedy by which a judgment creditor of a member or of any other owner of a membership interest may satisfy a judgment out of the judgment debtor's membership interest.

(e) This section may not be construed to deprive a member of a limited liability company or any other owner of a membership interest in a limited liability company of the benefit of any exemption laws applicable to the membership interest of the member or owner.

(f) A creditor of a member or of any other owner of a membership interest does not have the right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the limited liability company.

*Id.* A membership interest in a limited liability company is personal property. *Id.* § 101.106(a). However, as noted above, a member of a limited liability company or the member's assignee does not have an interest in any specific property of the company. *Id.* § 101.106(b).

To date, only two cases have expressly considered whether an order that relates solely to a charging order is final for purpose of appeal, and both have held that the orders at issue were not appealable. *See Jack M. Sanders Family Ltd. P'ship*, 434 S.W.3d at 242–43, 244 (holding that order denying a request for release from a charging order was not independently appealable, did not operate as a mandatory injunction, and was not a final judgment); *Dispensa v. Univ. State Bank*, 951 S.W.2d 797, 800–801 (Tex.App.–Texarkana 1997, pet. denied) (holding that charging order did not conclusively dispose of all issues raised in that particular stage of the proceeding or operate as a mandatory injunction). We conclude that, unlike the orders in *Jack M. Sanders* and *Dispensa*, the charging order in this case resolves the property rights of the parties and imposes

---

5. Because we conclude that we have jurisdiction because the charging order resolves property rights and imposes obligations on Prodigy, we need not address whether a charging order itself is a final, appealable judgment.

obligations on prodigy, and is therefore appealable.

In *Jack M. Sanders,* the trial court entered an agreed charging order against a family limited partnership, which was not then a party, requiring the partnership to distribute to the judgment creditor any amounts the partnership would otherwise have distributed to the judgment debtor. 434 S.W.3d at 238. The debtor later assigned her partnership interest to another entity in consideration for that entity's payment of tax liens against the debtor's assets. *Id.* The partnership then intervened in the trial court's proceedings, seeking a discharge and release of the agreed charging order, which the trial court denied. *Id.* at 239. The trial court's order did not explain its reasoning or address other outstanding issues among the parties; nor did the order contain any language indicating that it disposed of all claims and parties in the suit. *Id.* On appeal, the court held that the trial court's order denying the partnership's request to discharge the agreed charging order failed as a mandatory injunction because it did not determine the substantive property rights of the parties involved or inform the partnership with sufficient clarity how it could comply with the order. *Id.* at 242. The court explained that the order did not determine what ownership interest, if any, the judgment debtor possessed in the partnership or specifically declare any obligations of the partnership in light of the alleged transfer of the debtor's interest in the entity to a third party. *Id.* at 243. Without findings as to these facts, the court reasoned, "the trial court's order denying [the partnership's] motion did not resolve any property rights or impose any obligations on anyone." *Id.* Thus, the court held, the order did not operate as a mandatory injunction and was not appealable as one. *Id.*

Similarly, in *Dispensa,* the court held that a charging order obtained by a bank against Dispensa's partnership interest in Gulf Properties Partnership failed as a mandatory injunction because "[i]t does not fully determine the substantive property rights of the parties involved, nor does it inform Gulf Properties with sufficient clarity how it can comply with the order." 951 S.W.2d at 801. In summary, the court concluded:

> The order reflects the trial court's decision that [the bank] is entitled to Dispensa's partnership interest, but that is all it does. It does not state what Dispensa's interest is in the partnership. It fails to provide a method of determining the extent of Dispensa's interest and is silent on how and when Gulf Properties is to make payments to University. The order's failure to resolve these basic issues undermines its effectiveness as a final order.

*Id.* Thus, the court held that the charging order lacked certainty and was not sufficiently definite in the relief it granted because it "merely state[d] the objective to be achieved without determining to what extent the objective exists or the means of achieving that objective." *Id.*

In contrast, the charging order in this case reflects that Spates is the "sole member/owner" of Prodigy, and that in connection with the formation of Prodigy, Spates acquired a membership interest in that limited liability company. The charging order specifically charges Spates's membership interest in Prodigy in the amount of $94,376.54 for payment of three child support judgments attached as exhibits to the order, and orders Prodigy "upon distribution of funds" to pay the charged amount to the Texas State Disbursement Unit at a stated address until the unsatisfied child support judgments have been fully paid and satisfied. The charging or-

der also specifies the amount of the payments to be remitted in satisfaction of the three judgments and the details of each cause number. Thus, unlike the orders in *Jack M. Sanders* and *Dispensa*, the charging order here fully determines the substantive property rights of the parties involved and informs Prodigy with sufficient clarity how to comply with the order. Therefore, the charging order is appealable.

## II. Prodigy's Issues on Appeal

Prodigy raises two issues on appeal. In its first issue, Prodigy contends that the trial court abused its discretion in granting the OAG's charging order because it lacked personal jurisdiction over Spates and subject matter jurisdiction over suits affecting the parent-child relationship from family law courts with continuing, exclusive jurisdiction. In its second issue, Prodigy contends that the trial court abused its discretion in granting the charging order against Spates, "given that the OAG failed to meet the procedure for obtaining a charging order."

### A. The Trial Court's Jurisdiction

Prodigy contends that the family court has continuing, exclusive jurisdiction over the parties and subject matter of a suit affecting the parent-child relationship and, once obtained, it retains that jurisdiction until an event occurs that terminates the trial court's jurisdiction. *See* Tex. Fam.Code §§ 155.001–.003, 157.269. Prodigy also cites Texas Rules of Civil Procedure 308 and 308a for the propositions that a court shall cause its judgments and decrees to be carried into execution, and that child support violations will be investigated and enforced pursuant to the Texas Family Code. *See* Tex.R. Civ. P. 308, 308a. Based on these authorities,

Prodigy argues that because OAG obtained its child support judgments in separate family courts—the 315th, 246th, and 247th District Courts of Harris County—only those courts, and not the 234th District Court, had jurisdiction to grant the OAG's request for a charging order. Prodigy also argues that the liens are in the name of Christopher Spates, who is not a party to the case below, and Spates's status as an organizer and member of Prodigy does not entitle him to an interest in any specific property of the company. *See* Tex. Bus. Orgs.Code § 101.106(b). Therefore, Prodigy argues, because no child support judgments have been rendered against Spates in the trial court, it lacked jurisdiction to grant the OAG's request for a charging order.

The Texas Family Code authorizes the OAG to enforce child support orders and to collect and distribute support payments. *Office of the Attorney Gen. of Tex. v. Scholer*, 403 S.W.3d 859, 862 (Tex. 2013) (citing Tex. Fam.Code §§ 231.001, 231.101(a)(5)–(6)); *see also* Tex. Fam.Code § 157.311(2)(B).[6] The OAG is expressly authorized to enforce a child support obligation by filing a statutorily prescribed lien to collect all amounts of child support due and owing. *See* Tex. Fam.Code §§ 157.311(2)(B), 157.312(a), (d), (f), 157.314. The OAG became a judgment creditor, standing in the shoes of the three mothers, once Spates's child support obligations were reduced to judgment, which in this case was done on December 10, 2009, December 10, 2009, and April 14, 2014.

The Family Code provides that a child support lien notice may be filed with or delivered to the clerk of the court in which "a claim, counterclaim, or suit by, or on behalf of, the obligor, including a claim or

---

**6.** The OAG is the state's designated collection agency under federal law.

potential right to proceeds from an estate as an heir, beneficiary, or creditor, is pending, provided that a copy of the lien is mailed to the attorney of record for the obligor, if any." *Id.* § 157.314(b). Thus, to the extent Prodigy contends that the notices of liens may be filed only in the court of continuing jurisdiction, the Family Code reflects otherwise.

Once Spates's child support arrearages were reduced to judgments in the respective family courts, they became enforceable as any other money judgment. *See* Tex. Fam.Code § 157.312(b) ("The remedies provided by this subchapter do not affect the availability of other remedies provided by law."); *see also* § 157.264(a)[7] ("A money judgment rendered as provided in this subchapter ... may be enforced by any means available for the enforcement of a judgment for debts or the collection of child support."); *see also In re A.D.*, 73 S.W.3d 244, 246 n. 1 (Tex.2002) (noting that under Family Code § 157.264(a), "[a] cumulative judgment for past-due child support increases the available enforcement methods"); *In re Dryden*, 52 S.W.3d 257, 263 (Tex.App.–Corpus Christi 2001, orig. proceeding) ("As long as a judgment remains unsatisfied, a judgment creditor is not limited in the number or type of enforcement actions she may file and pursue.").

Under the Business Organizations Code, "[o]n application by a judgment creditor of a member of a limited liability company ... a court having jurisdiction may charge the membership interest of the judgment debtor to satisfy the judgment." *See* Tex. Bus. Orgs.Code § 101.112(a). Chapter 101 does not specify any jurisdictional requirements for filing an application for a charging order. In the usual case, a judgment debtor would seek a charging order in the same court in which the underlying judgment was obtained, either during the original suit or in a subsequent ancillary proceeding. It is conceivable, however, that in certain circumstances, the judgment creditor may find it expedient or necessary to file the application for a charging order in another court that has jurisdiction over the limited liability company of which the judgment debtor is a member, especially if the judgment debtor lacks other assets or has taken affirmative actions to avoid the creditor's collection efforts. This conclusion is particularly appropriate when collection of a judgment for child support arrearages is at issue, since "[t]he child's welfare underlies child support enforcement suits, and providing monetary support is part of a parent's contribution to that welfare." *Scholer*, 403 S.W.3d at 866.

Here, Prodigy filed suit against Eni in the county of Prodigy's place of business and obtained a settlement of $257,000.00. Prodigy represented in its petition that it was a limited liability company and that Spates was Prodigy's owner. It is undisputed that Spates, as member and owner of Prodigy, has a membership interest in the company. It is also undisputed that the OAG is a judgment creditor of Spates seeking to collect on three child support judgments naming Spates as the obligor. Once the OAG learned of Prodigy's lawsuit, it filed its application for a charging order as a means of enforcing the child support judgments against Spates. The charging order recites that "[the OAG] has made a diligent search and has not been able to discover any assets of Christopher

---

**7.** In 2015, after the charging order in this case was signed, the Texas Legislature amended Family Code section 157.264. *See* Act of May 27, 2015, 84th Leg., R.S., ch. 859 § 6, sec. 157. 264(a), 2015 Tex. Sess. Law. Serv. 2923, 2924 (West) (effective Sept. 1, 2015). Because the relevant portions of the provision are unchanged, we cite to the current code provision.

Spates, subject to execution, and is entitled pursuant to statute to a charging order against [Spates's] interest in the Prodigy Services LLC." Neither Prodigy nor Spates challenge this recital. On these facts, we hold that the trial court had subject matter jurisdiction to hear the OAG's request for a charging order.

██ Further, it was not necessary that Spates be made a party for the trial court to have jurisdiction to enter the charging order. The Business Organizations Code does not require that the judgment debtor be made a party to an action in which a judgment creditor files an application for a charging order against the debtor's membership interest in the limited liability company. Additionally, the charging order in this case is not directed to Spates and it imposes no obligations on him. Likewise, the charging order does not entitle the OAG to reach the proceeds of Prodigy's settlement with Eni or Prodigy's property to satisfy the OAG's three money judgments against Spates. *See* Tex. Bus. Orgs.Code § 101.106(a), (b).

Under the statutory scheme creating the charging order as the exclusive remedy for a judgment creditor seeking satisfaction from a debtor's membership interest in a limited liability company, the OAG's ability to collect on its judgments is strictly circumscribed. The OAG may not (1) foreclose on the lien created by the charging order, (2) compel Prodigy to make a distribution to Spates, (3) take possession of Spates's membership interest, or (4) exercise any other legal or equitable remedies with respect to company property. *See id.* § 101.112(c), (d), (f). Only when—and if—Prodigy makes a distribution, will the distributed funds become Spate's nonexempt personal property. *See* Tex. Bus. Orgs. Code § 101.112(b); *In re Prodigy*, 2014 WL 2936928, at *6 (noting that "the OAG will have to wait for Prodigy to make such distributions before it can attempt to satis-

fy the child support judgment against Spates"); *see also Stanley v. Reef Sec., Inc.,* 314 S.W.3d 659, 665 (Tex.App.–Dallas 2010, no pet.) (explaining that, in the context of a charging order against a partner's interest in a partnership, "[o]nce a partnership distribution has been made to a partner, it ceases to be the partner's 'partnership interest' (i.e. the partner's right to receive his share of the profits) and becomes that partner's personal property"). The charging order merely directs Prodigy to send any distributed funds up to the amounts owed by Spates directly to the OAG rather than to Spates.

Because the Family Code authorizes the OAG to enforce and collect child-support judgments and expressly permits the OAG, as a judgment creditor, to enforce a money judgment in a court of competent jurisdiction in the same manner as any judgment creditor, we hold that the trial court had jurisdiction to enter the charging order against Spates's membership interest, and thus did not abuse its discretion by entering the order. We overrule Prodigy's first issue.

## B.  Procedural Issues and Notice

In its second issue, Prodigy contends that the trial court abused its discretion in granting the OAG's motion for charging order against Spates, because the OAG's motion was procedurally defective. First, Prodigy argues that the OAG filed its motion in the wrong court, restating its arguments that the trial court lacked subject matter jurisdiction to enforce child support orders rendered in the family courts and lacked personal jurisdiction over Spates. We have already rejected those arguments for the reasons discussed above. Further, the charging order was not "against Spates" and did not impose any obligations on Spates. To the extent Spates argues that the OAG failed to comply with the procedures for obtaining a charging order because the OAG did not serve him with

its application for a charging order or give him notice of either the hearing on the application or the trial court's grant of the charging order, we do not address those complaints because we have no jurisdiction over Spates's direct appeal to this court.[8] Therefore, we overrule Prodigy's second issue.

### CONCLUSION

We dismiss Spates's appeal for lack of jurisdiction. We hold that we have jurisdiction over Prodigy's appeal of the charging order in this case because the order resolves property rights of the parties and imposes obligations on Prodigy. We overruled Prodigy's issues and affirm the trial court's judgment.

---

**8.** We note that Prodigy cites no statutory or case law requirement that the judgment debtor receive notice of the request for or entry of a charging order. Further, in the absence of a statutory requirement, the Supreme Court of the United States has held that it is not essential that a complainant be given notice before the issuance of an execution against his tangible property; after the rendition of the judgment, he must take notice of what will follow, "no further notice being necessary to advance justice." *See Endicott–Johnson Corp. v. Encyclopedia Press, Inc.*, 266 U.S. 285, 288, 45 S.Ct. 61, 69 L.Ed. 288 (1924).