**Petition for Writ of Mandamus Denied and Memorandum Opinion filed September 25, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00801-CV

---

## IN RE PETROBRAS AMERICA INC. AND PETRÓLEO BRASILEIRO S.A.—PETROBRAS, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-43650**

---

## MEMORANDUM OPINION

On September 12, 2018, relators Petrobras America Inc. and Petróleo Brasileiro S.A.—Petrobras (collectively "Petrobras") filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, Petrobras asks this court to compel the Honorable Brent Gamble, presiding judge of the 270th District Court of Harris County, to vacate his August 21, 2018 Amended Order Granting Supplemental

Relief Enforcing Judgment (the "Amended Arbitration Injunction"), which enjoins Petrobras from "directly or indirectly continuing to pursue in any way the claims asserted in the ICDR Arbitration." Petrobras also filed a motion asking this court to stay the Amended Arbitration Injunction. *See* Tex. R. App. P. 52.8(b), 52.10.

Additionally, Petrobras filed a notice of appeal through which it has appealed the Amended Arbitration Injunction to our court, No. 14-18-00793-CV.

With certain exceptions not applicable here, to obtain mandamus relief, a relator must show that the relator has no adequate remedy at law, such as an appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

The Amended Arbitration Injunction is a permanent anti-suit injunction that the trial court issued to enforce the final judgment it issued on June 12, 2018, which among other things, ordered that Petrobras take nothing on its claims.

We conclude that Amended Arbitration Injunction is appealable, and Petrobras is not entitled to mandamus relief because it has an adequate remedy through its appeal of that injunction. Our court has previously exercised appellate jurisdiction to review on appeal anti-suit injunctions issued to enforce the trial court's judgment. *See Parham Family Ltd. P'ship v. Morgan*, 434 S.W.3d 774, 792 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (on appeal, reversing anti-suit injunction issued to enforce a judgment); *Bridas Corp. v. Unocal Corp.*, 16 S.W.3d 887, 888 (Tex. App.—Houston [14th Dist.] 2000, pet. dism'd w.o.j.) (on appeal, reversing anti-suit injunction issued to enforce a judgment). Other courts of appeals

2

have likewise exercised appellate jurisdiction to review anti-suit injunctions issued to enforce a judgment.[1]

An order or judgment is final for purposes of appeal if it disposes of all parties and claims in the case. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 200, 206 (Tex. 2001); *Spates v. Office of Attorney Gen., Child Support Div.*, 485 S.W.3d 546, 551 (Tex. App.—Houston [14th Dist.] 2016, no pet.). A permanent injunction that disposes of all issues and parties is a final, appealable judgment. *Ulmer v. Ulmer*, 130 S.W.3d 294, 296–97 (Tex. App.—Houston [14th Dist.] 2004, no pet.). The trial court's permanent ant-suit injunction arguably is an appealable final judgment because it disposed of all issues, parties and claims pending before the trial court; the record does not show that any other matters are pending in the trial court.[2]

Additionally, in *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 586–87 (Tex. 2018), the Texas Supreme Court held that a turnover order is final and appealable if it is injunctive in nature and requires a party to take some affirmative act. The Amended Arbitration Injunction is analogous to a turnover order that grants injunctive relief against a

---

[1] *See Sanders v. Blockbuster, Inc.*, 127 S.W.3d 382, 387 (Tex. App.—Beaumont 2004, pet. denied) (recognizing that a trial court may enforce its final judgment through an anti-suit injunction, and on appeal, affirming a permanent anti-suit injunction); *Ford v. Ruth*, No. 03-14-00460-CV, 2016 WL 1305209, at *3 (Tex. App.—Austin Mar. 31, 2016, pet. denied) (mem. op.) (recognizing that a trial court may enforce its final judgment with an anti-suit injunction even after its plenary power expires, and on appeal, affirming a permanent anti-suit injunction); *Panda Energy Corp. v. Allstate Ins. Co.*, 91 S.W.3d 29, 32 (Tex. App.—Dallas 2002, review granted, judgment vacated and remanded by agreement) (on appeal, affirming a permanent anti-suit injunction issued to enforce a judgment).

[2] Some courts of appeals have held that generally, an order made for the purpose of carrying into effect an already-entered judgment is not a final judgment and cannot be appealed as such. *See State Office of Risk Mgmt. v. Berdan*, 335 S.W.3d 421, 428 (Tex. App.—Corpus Christi 2011, pet. denied) and *Kennedy v. Hudnall*, 249 S.W.3d 520, 523 (Tex. App.—Texarkana 2008, no pet.). But these decisions did not involve, as here, a permanent anti-suit injunction that disposed of all matters pending before the trial court.

party; it enjoins Petrobras from continuing to pursue the claims it has asserted in the ICDR Arbitration and therefore implicitly requires Petrobras to take the affirmative act of dismissing its arbitration proceeding. The Amended Arbitration Injunction, like a turnover order that grants injunctive relief against a party, is final and appealable. Petrobras therefore has an adequate remedy by appeal.

Accordingly, we deny Petrobras's petition for writ of mandamus and motion for stay. Petrobras may proceed with its appeal in Case No. 14-18-00793-CV.


PER CURIAM

Panel consists of Justices Donovan, Wise, and Jewell.