

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00423-CV

_____

INFRACON USA, LLC AND HORACIO LOPEZ MONTES, Appellants

V.

FUNDING CIRCLE PARTNERS, LP, Appellee

On Appeal from County Court at Law No. 2
Tarrant County, Texas
Trial Court No. 2018-008223-2

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Infracon USA, LLC and Horacio Lopez Montes attempt to appeal from a default judgment entered by the trial court against Infracon. We dismiss this appeal for two reasons.

First, we conclude that Montes has no standing to appeal the default judgment. Standing focuses on who may bring an action and is a prerequisite to subject-matter jurisdiction. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010). Standing must exist at every stage of the legal proceedings, including appeal. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). If the party pursuing the case lacks standing, the court lacks subject-matter jurisdiction to hear the case. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005). To establish standing for an appeal, a person must generally have been a party to the judgment. *In re J.G.*, No. 02-18-00256-CV, 2018 WL 4925332, at *1 (Tex. App.—Fort Worth Oct. 11, 2018, no pet.) (mem. op.) (per curiam).

Montes was not a party to the default judgment. Appellee Funding Circle Partners, LP nonsuited its claims against Montes (1) after he filed a notice of bankruptcy and subsequently obtained a Chapter 7 discharge and (2) before Appellee sought and obtained a default judgment against Infracon. Although the record reflects that Montes is a member of Infracon, a limited liability company is considered a separate legal entity from its members. *See Spates v. Office of Att'y Gen., Child Support Div.*, 485 S.W.3d 546, 550–51 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

2

Accordingly, we dismiss Montes's appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *see also J.G.*, 2018 WL 4925332, at *1 (dismissing appeal for want of jurisdiction because appellant was not a party to the trial court proceeding); *In re J.D.G.*, No. 2-02-194-CV, 2003 WL 21028373, at *2 (Tex. App.—Fort Worth May 8, 2003, no pet.) (mem. op.) (per curiam) (same); *Spates*, 485 S.W.3d at 550–51 (dismissing member's appeal from charging order entered against limited liability company for want of jurisdiction because he lacked standing to appeal).

Second, Montes filed the notice of appeal on behalf of himself and Infracon. On November 20, 2019, we notified Appellants that our records do not reflect that Montes is an attorney and that an entity such as Infracon may not appear through its members who are not attorneys. *See Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (per curiam) ("Generally a corporation may be represented only by a licensed attorney . . . ."); *Sherman v. Boston*, 486 S.W.3d 88, 95–96 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("Legal entities, such as . . . a limited liability company, generally may appear in district or county court only through a licensed attorney.").

We advised Appellants that this appeal may be dismissed unless, by December 2, 2019, a licensed attorney filed a notice of appearance for Infracon. On November 29, 2019, Montes filed a response that requested representation for Infracon from the Pro Bono Committee of the Appellate Section of the State Bar of

3

Texas. But the Committee declined to provide representation, and no licensed attorney has filed an appearance on behalf of Infracon.

Accordingly, we dismiss Infracon's appeal because it failed to comply with a requirement of Rule 42.3(c) by failing to obtain counsel as directed by our letter. *See* Tex. R. App. P. 42.3(c), 43.2(f); *see Earth Energy Util. Corp. v. Environmentally Engineered Equip.*, No. 05-10-01610-CV, 2012 WL 4845658, at *1 (Tex. App.—Dallas Oct. 10, 2012, no pet.) (mem. op.) (dismissing corporation's appeal because it failed to notify the court it retained counsel by court-ordered deadline); *MHL Homebuilder LLC v. Dabal/Ggraphic Res.*, No. 14-05-00295-CV, 2005 WL 1404475, at *1 (Tex. App.—Houston [14th Dist.] June 16, 2005, no pet.) (mem. op.) (per curiam) (dismissing appeal because appellant failed to obtain counsel by court-ordered deadline).

Per Curiam

Delivered: February 13, 2020